COMM'RS OF HIGHWAYS OF TOWN OF DEER PARK

v.

JOHN O'SULLIVAN.

1. COMMISSIONERS OF HIGHWAYS—CREATING DEBT.—Commiss'oners of highways are powerless to pledge the credit of a township for work and labor upon the roads and bridges to be paid for in the future out of revenues to be derived from taxes subsequently levied, and an order given in such case is void.

2. ASSIGNMENT OF ORDER.—The assignment of such an order before maturity would confer no better title to it upon the assignee than was vested in the payees therein.

3. CONSTRUCTION OF STATUTE.—The second part of Section 81 of the Road and Bridge Act of 1877 does not legalize any act of the commissioners in creating a debt against the town in violation of the pre-existing statutes of the State.

APPEAL from the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding. Opinion filed February 5, 1885.

This case was tried in the court below upon the following agreed state of facts:

STATE OF ILLINOIS, ⎱ ss. Circuit Court thereof,
La Salle County. ⎰      October Term, A. D. 1883.

John O'Sullivan v. The Commissioners of Highways of the Town of Deer Park. Assumpsit. Agreed case. Damages $1,500.

And now comes the plaintiff, by Duncan & O'Connor and H. T. Gilbert, his attorneys; and also the defendants come, by Henry Gunn, their attorney, and by agreement waive the service of process and all formal pleadings in this cause, and also

Comm'rs of Highways of Town of Deer Park v. O'Sullivan.

waive a trial by jury and submit this cause to the court for trial upon the following agreed statement of facts:

On the 1st day of December, A. D. 1876, the defendants executed and delivered to William Fyffe and Benjamin Hetherington, partners, doing business under the firm name and style of Fyffe & Hetherington, a certain order, in the words and figures following, to wit:

$1,000. The treasurer of the commissioners of highways of the town of Deer Park, La Salle county, State of Illinois, will pay to Fyffe & Hetherington, or order, the sum of one thousand dollars ($1,000), with interest at ten per cent. per annum, payable on or before the twentieth (20th) day of July, A. D. 1878.

Dated at Deer Park this 1st day of December, 1876.

R. B. WILLIAMS,
NELSON WILLEY,
JAMES SHAUGHNESSY,
Commr's of Highways of Deer Park.

On or about the 1st day of January, A. D. 1877, said Fyffe & Hetherington assigned said order by indorsement on the back thereof to John O'Sullivan, the plaintiff in this suit, who purchased the same by paying said Fyffe & Hetherington a valuable consideration therefor in good faith, without any actual notice of any facts affecting the validity of said order, and with only such constructive notice of illegality or invalidity thereof, if any, as would be afforded by the records of the town of Deer Park, the Board of Supervisors of La Salle county and of the county of La Salle in the county clerk's office of said county, if the law charges him with notice thereof, and if said order is valid in whole or in part, or is in whole or in part a binding obligation which defendants are required to pay, said John O'Sullivan is entitled to a judgment against the defendants for such an amount as the court shall adjudge to be due and owing thereon, according to law, said John O'Sullivan having long prior to the commencement of this suit repeatedly demanded payment of said order from the defendants, or their treasurer, and such payment having been refused.

Said order was given by said defendants to said Fyffe & Hetherington for work done by said Fyffe & Hetherington in the construction of a culvert upon a certain public highway, near and leading to the bridge across the Illinois river, in said town of Deer Park, the contract for which work was duly let by said defendants to said Fyffe & Hetherington in strict compliance with the terms of the then existing laws of this State, prescribing the mode of letting contracts by commissioners of highways, unless by reason of the facts hereinafter and hereinbefore stated said contract was one which said commissioners could not lawfully enter into, and the defendants admit that at the time said order was given the amount specified therein was due from them to said Fyffe & Hetherington, if the contract under which said work was done was one which they were legally authorized to enter into at the time the same was entered into.   Said culvert, in paymen for which said order was issued, formed a part of said public highway in said town of Deer Park, and ever since the same was constructed has been used by said defendants and said town of Deer Park as a part of said highway, and said order has, ever since the same was issued, remained outstanding and unpaid, and still remains unpaid and outstanding.   The contract under which said work was performed by said Fyffe & Hetherington was entered into subsequent to the month of September, A. D. 1876, and the work thereunder was performed by said Fyffe & Hetherington prior to the 1st day of December, A. D. 1876, and the total amount of work performed by said Fyffe & Hetherington under said contract was worth the sum of one thousand, seven hundred and eighty-three dollars and sixty-three cents ($1,783.63,) no part of which was ever paid by said defendants, but, instead of making payment therefor in cash, said defendants issued to said Fyffe & Hetherington the order above mentioned, and a similar order for the sum of seven hundred and eighty-three dollars and sixty-three cents.

At the time of the making of said contract with said Fyffe & Hetherington there was no money in the hands of said defendants or their treasurer, belonging to the road and bridge funds of said town of Deer Park.

The amount of the road and bridge tax levied in said town for said year 1876, which levy was made in the month of September of said year, was one thousand five hundred and sixty-six dollars ($1,566), no part of which, however, had been collected at the time of the issuing of said orders. At the time of making of said levy, the defendants did not contemplate entering into any contract with Fyffe & Hetherington, or with any other person or persons, for the making of the culvert built by them, but they intended to use the funds so levied for other road and bridge purposes. But there were no records either of said town of Deer Park or of said county of La-Salle from which said Fyffe & Hetherington could have ascertained the purpose for which said funds so levied were to be used, nor did they or the plaintiff ever have any notice of the purpose for which said money was intended to be used.

The amount of taxes levied in the town of Deer Park in 1877 for bridge purposes was $1,000; for road purposes, $675; total, $1,675. In 1878 for bridge purposes, $800; for road purposes, $500; total, $1,300. In 1879, for road and bridge purposes, $1,000. In 1881, for road and bridge purposes $900. In 1882, for road and bridge purposes, $1,200, and for special road purposes, $2,000; total, $3,200. In 1883, for road and bridge purposes, $1,213.15.

The assessed valuation of the real and personal property in the town of Deer Park for the year 1876 was $524,350; for the year 1877, $463,311; for the year 1878 was $447,116; for the year 1879 was $409,018; for the year 1880 was $375,600; for the year 1881 was $371,448; for the year 1882 was $348,-083, and for the year 1883 was $346,617.

Said defendants have never offered to pay to the plaintiff any portion of the amount of said order since the making thereof, nor have they ever offered to apply any of the taxes above mentioned, levied and collected since the making of said order, to the payment thereof, nor have they made or attempted to make any additional levy of taxes, out of which said order might have been paid.

Upon the foregoing facts the point of law at issue between the parties is as follows:

Are the defendants legally bound to pay the said order held by the plaintiff, either in whole or in part?

If said question be determined by the court in the affirmative, it is agreed by the parties that the plaintiff shall have judgment against the defendants for the amount of said order, or such portion thereof as the court may find defendants are legally bound to pay, and his costs of suit, with such interest as may be legally allowable.

If said question be determined by the court in the negative it is agreed by the parties that the defendants shall have judgment against the plaintiff, for their costs of suit.

It is further agreed by and between the parties that neither of said parties shall, by reason of anything here contained, be precluded from prosecuting an appeal or writ of error for the purpose of reviewing the judgment that may be rendered by the court upon said agreed statement of facts.

JOHN O'SULLIVAN, plaintiff,

By Duncan & O'Connor and H. T. Gilbert, his attorneys.

THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF DEER PARK,

By Henry Gunn, their attorney.

The court rendered judgment for the plaintiff, and the commissioners appealed.

Mr. HENRY GUNN and Mr. DANIEL EVANS, for appellants; cited Comm'rs v. Newell, 80 Ill. 587; Brauns v. Town of Peoria, 82 Ill. 11; Law v. People, 87 Ill. 394; School Directors v. Fogleman, 76 Ill. 189; Law v. People, 87 Ill. 385.

Mr. J. W. DUNCAN and Mr. H. T. GILBERT, for appellee.

PILLSBURY, J. It is admitted that at the time of the contract between the commissioners of highways and the payees of the order there was no money in the treasury applicable to their payment, and that the levy of taxes for the current year had been levied to meet other expenses during the year, and it sufficiently appears from these facts, taken in connection with the order itself, that it was not in contemplation of the parties that the money derived from taxes already levied for

the present fiscal year should be applied to the payment of the work or in taking up the orders issued.

The order is payable generally out of the funds in the hands of the treasurer and its time of payment extended far enough in the future to make the taxes levied in the subsequent fiscal year available for its payment. It is thus seen that the parties intended to appropriate the revenues of a subsequent year in discharge of the indebtedness incurred in a former year.

It was held in Commissioners of Highways v. Newell, 80 Ill. 587, that a tax having been levied by the commissioners they might enter into contracts to be paid for out of the funds derived from such levy. And in Brauns v. Town of Peoria, 82 Ill. 11, it is said by the court that in the many provisions of the statute respecting roads and bridges, they failed to find any authority conferred upon the highway commissioners to expend money on the roads and bridges in their respective districts which is not in their treasury to be expended, and which had not been actually levied, nor is there any authority conferred upon them to anticipate revenues and expend it, unless the same be actually levied, referring to Newell's case, *supra*. It is further said that "it seems to be the policy of the law, and a very just one, that the accruing revenues of the year shall be appropriated to the wants of the year, and that no expenses shall be incurred in the absence of money already levied to meet them."

These decisions would seem to be conclusive against the right and power of the commissioners of highways to enter into any contract having the effect to create an indebtedness against their township to be paid at a future time and out of funds derived from taxes levied in subsequent years.

Being thus prohibited from creating such indebtedness, they are placed in the same position as municipalities that have an indebtedness exceeding the constitutional limit, being thereby prohibited from increasing it, and the decisions respecting the powers of such municipalities are applicable to these *quasi* corporations. It was held in The City of Springfield v. Edwards, 84 Ill. 626, and re-affirmed in Law v. The People, 87 Ill. 387, that municipalities prohibited from cre-

ating any further indebtedness, because the constitutional limit had been reached, might, nevertheless, anticipate the collection of the revenue arising from taxes already levied for current expenses without violating the constitutional or statutory prohibition, but in such case the delivery of the warrant upon the treasury must have the legal effect and operate as a contract between the corporation and the person receiving the warrant, that the city shall thereby incur no liability whatever. In such a case there is no debt incurred, because the warrant on the treasurer is received for the work done or the articles furnished. It is further held that the acceptance of such warrant drawn against the tax levied is a virtual assignment of so much of the funds arising from the tax as will satisfy such warrant, and the person thus accepting it must look to the officers collecting the tax for that amount, and that his remedy is against them, and not against the corporation, otherwise a contingent debt would be created against the corporation which it was powerless to do.

Now it is evident in the case at bar, that the officers charged with the collection of the road and bridge tax levied by the commissioners for the fiscal year commencing the Tuesday preceding the annual meeting of the county board in September, 1876, could not apply it to the payment of this order under such rule. The order does not purport to appropriate any portion of that tax levy to its payment, nor to be an assignment of any part of it. The collector would be required to make his settlement over one year before the order by its terms was due and payable. How, then, could he justify its payment, when by its terms it was not due and payable until the taxes could be collected from the levy made in 1877 ? This, manifestly, he could not do.

It may be remarked that the rule announced in Springfield v. Edwards, and Law v. The People, *supra,* has by act of the legislature become a part of the statutory law of this State. Sess. Laws, 1879, page 73. This order, if valid, could have no other legal effect than to create a debt against the township, to be paid in the future. It is as much an evidence of indebtedness as were the certificates issued by the city of Chicago, and

which were so held to be in Law v. The People, *supra*, and as we have seen that the commissioners of highways were powerless to pledge the credit of the township for work and labor upon the roads and bridges to be paid for out of revenues to be derived from taxes subsequently levied, we must hold the order void.    And as it has none of the qualities of negotiable paper under our statutes (People v. Johnson, 100 Ill. 567), its assignment to the plaintiff before maturity conferred no better title to it upon him than was vested in the payees therein.    It is argued, however, that the Road and Bridge Act of 1877 validated the order and made it a binding obligation upon the town.    The provision relied upon is contained in the second part of Sec. 81 of that act (Sess. Laws 1877, page 196), and is as follows: "They (the commissioners) shall annually ascertain, as near as practicable, how much money must be raised by tax on real and personal property for the making and repairing of bridges   *   *   * and for the payment of any outstanding orders drawn by the commissioners on their treasurer, and shall levy a tax, etc."

This last clause does not, in our opinion, have the effect claimed for it.    We do not believe it was the intention of the legislature to thereby legalize any act of the commissioners in creating a debt against the town in violation of the pre-existing statutes of the State.    It does not purport to be retroactive in its operations and we should not give it that effect, unless such intent is evident from the language employed.

That such was not the intention we think manifest not only from the terms employed, but also from the saving clause contained in the repealing section, where, after repealing the acts of April 10th and August 15, 1872, it provides that such repeal shall not affect any suit or proceedings pending or impair any right existing at the time this act shall take effect.    If then the order in suit was void for the reasons stated and was not binding upon the town as an evidence of indebtedness, the town had a perfect defense to it, and this right was an existing one and was saved by the terms of the statute.    Dobbins v. National Bank.    Unpublished Opinion, Sup. Ct. Illinois.

Our conclusion is, that the plaintiff can not recover upon

the order in evidence, and as the facts are agreed, there can be no necessity for remanding the cause, and therefore the judgment of the court below will be reversed and judgment entered in this court for the defendants below, with the costs of both courts, and it is so ordered.

Judgment reversed, and final judgment in this court for the defendants.