## Drainage Commissioners of, etc., v. Zadock Loveless.

1. DRAINAGE COMMISSIONERS—*Failure to Keep Record, no Defense to Suit.*—In a suit against a drainage district based on orders on its treasurer, the district offered to prove by its records that no entry had been made authorizing the issuance of the orders or the work for which they were issued. *Held*, that such evidence is inadmissible, and that while it is the duty of the commissioners to keep a record of their official acts, persons dealing with them can not be deprived of what is their due because of the neglect of the commissioners to keep their records properly.

Assumpsit, on special and common counts. Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

PEEBLES & PEEBLES and A. N. YANCEY, attorneys for appellants.

F. W. BURTON and ANDERSON & BELL, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $640.93 against the Drainage Commissioners upon certain warrants or orders issued by a majority of the commissioners directing the treasurer to pay the amounts named, "for labor on drain." The treasurer failed to pay when the orders were presented, and therefore action was brought against the corporate organization. The plaintiff declared in assumpsit specially upon the several orders and also filed the common money counts.

The case was tried by the court, a jury being waived, upon the issues raised by a plea of non-assumpsit to the whole declaration and a plea of the statute of limitations five years as to the common counts. The plaintiff offered in evidence the orders declared upon and proved their non-payment on presentation to the treasurer. The defendant offered to prove by the records of the district that no entry had been made authorizing the issuance of these orders, or even authorizing the work to be done for which they were issued, but the court rejected the offered proof.

The statute in relation to those organizations confers power upon them as bodies politic by their respective corporate names to sue and be sued, plead and be impleaded, contract and be contracted with. A clerk is provided who shall keep a record of all proceedings of the commissioners pertaining to the subject of drainage.

A treasurer is also provided who shall keep, in a proper book, accurate accounts of all moneys received and paid out.

He shall pay out no money except upon the order of a majority of the commissioners, and shall carefully preserve on file all orders for the payment of money, etc. Hurd's Stat. 1893, page 581, Secs. 75-77, page 588; Sec. 105. Authority thus appears for the issuance of warrants or orders upon the treasurer, and it necessarily follows that the corporation may be held thereon in case of non-payment. The only question then is, whether a failure to make a record of the proceedings of the commissioners should invalidate the orders. In other words, can liability for one delinquency be avoided by proof of another? The commissioners have power to contract in reference to drainage and to employ labor in that behalf, and while it is their duty to keep a record of their official acts, that is a matter over which the person contracted with or employed has no control. He may presume that they perform their duty in that respect, but he can not be deprived of what is justly due him because of their neglect to do so. The orders or warrants are *prima facie* evidence of liability according to their terms—but of course whether held by the payee or by an assignee, the district would be permitted to show failure of consideration of other meritorious defense.

If the district were seeking to enforce some alleged right or authority, as, for instance, the appropriation of land for a drain or an assessment for drainage purposes, it would, no doubt, be bound to show by its records that it had proceeded regularly; but when called upon to pay a just obligation, it can not profit by its own wrongful neglect to keep the records required by law.

The judgment will be affirmed.