### Joseph D. Adams, Appellee, v. Commissioners of Highways of Town of South Otter, Macoupin County, Appellants.

1. ROADS AND BRIDGES—*warrants as evidence of debt.* Inasmuch as commissioners of highways have general legal authority to draw warrants upon the treasurer, a warrant drawn by them is *prima facie* evidence of a pre-existing liability according to its terms; and a valid and sufficient consideration therefor may properly be presumed.

2. ROADS AND BRIDGES—*what not defense to warrant.* In an action upon a warrant issued by highway commissioners upon its treasurer various defenses set up by special plea are considered and held insufficient to defeat payment of such warrant, and *held*, further, that one of the defenses set up that the work was done and the indebtedness contracted for at a time when there was no fund in the hands of the commissioners and no levy made with which to pay for the same.

Assumpsit. Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded with directions. Opinion filed October 25, 1909.

J. B. VAUGHN, for appellants; E. C. KNOTTS, of counsel.

BELL & BURTON, for appellee.

*Per Curiam*: This is a suit in assumpsit by appellee against appellants as commissioners of highways of the town of South Otter, by which it is sought to recover the amount due upon an order or warrant issued March 1, 1899, by said commissioners, upon the treasurer of the board, for the sum of $650 "for iron bridge," payable to appellee or bearer on April 1, 1900, out of money in the treasury not otherwise appropriated. To the declaration, which consists of two special counts declaring upon the warrant in question, and the common counts, several special pleas were filed, to which the court sustained demurrers. Appellants elected to abide by the same. After the introduction of the order in evidence, the judge before whom the cause was tried without a jury, rendered judgment against the defendants for $650. No evidence was introduced to sustain the common counts. To reverse such judgment this appeal is prosecuted.

Inasmuch as appellants as commissioners had general legal authority to draw warrants upon the treasurer, the warrant in question was *prima facie* evidence of a pre-existing liability according to its terms, and a valid and sufficient consideration therefor may properly be presumed. Drain Com. v. Loveless, 67 Ill. App. 405. The burden was thus cast upon appellants to impeach or invalidate the warrant by showing that it was issued without valid consideration or in payment of an indebtedness which the commissioners had no legal power to contract. This the appellants sought to do by their special pleas, to which demurrers were

sustained. The introduction of the order in evidence, in the absence of further pleas, manifestly warranted the finding and judgment rendered thereon, and the sole question presented by the record for determination is whether the facts alleged in either such pleas, when tested by the well-known rules that each must be complete itself and cannot be aided by the averments of the other, and that all inferences will be indulged against the pleader by reason of any omissions or any uncertain, equivocal or insufficient averments therein, would have, if established, constituted a legal defense to the *prima facie* case made by the introduction and admission of the warrant in evidence.

The second amended plea alleges that the defendants are a public corporation; have no authority to borrow money or to create indebtedness beyond the revenues of the given year; that the defendants at their September meeting in 1897, made their levy for road and bridge purposes; that the said levy was for the greatest amount they had the lawful authority to levy; that all moneys from all sources were needed and used by them as a public corporation for other road and bridge purposes than the bridge for which the warrant sued upon was issued; that at the time the contract was made, plaintiff had full knowledge that the revenues so levied by these defendants for road and bridge purposes for the ensuing year, would be expended by the defendants for road and bridge purposes other than for the bridge for which the order sued upon was issued; and that with such knowledge the plaintiff entered into the contract for said bridge with the understanding that when the said warrant should be issued, payment of the same should be made out of the revenues to be derived from a levy to be made by these defendants at their September meeting following the date of the making of said contract, or at some subsequent annual levy to be by these defendants made.

It will be observed that the plea alleges the existence of a contract inferentially only, and does not al-

lege when it was made nor does it allege that the warrant in suit was issued under or in accordance with such contract; nor does it appear how it was material whether appellee had knowledge of the purposes of the levy mentioned.

The fourth amended plea alleges that the plaintiff had notice at the time of making the contract for the bridge for which the warrant in suit was issued, that all funds and moneys on hand and to be derived from any levy made by these defendants at their September meeting in 1897, subject to order for road and bridge purposes for the ensuing year, would be expended by these defendants for other lawful road and bridge purposes; but notwithstanding such notice, plaintiff at the time and in order to induce the county of Macoupin to join with the defendants in the contract to become liable for one-half of the price of the said bridge, agreed with the defendants that he would accept a warrant of the defendants on their treasurer, payable in one, two or three years from the date of contract, for the other half of said bridge, as the defendants should direct; that the said agreement was so entered into by the plaintiff and the defendants, at the instance of the plaintiff, with the purpose and design on the part of the plaintiff unlawfully to induce the county of Macoupin to become a party to the contract and to become liable to the plaintiff for one-half the price of said bridge; that by the agreement of the said plaintiff to accept the warrant of the defendants for one-half of the contract price of said bridge, payable as above alleged, these defendants and the county of Macoupin were fraudulently induced by the plaintiff to enter into a contract for said bridge; that the said agreement with reference to accepting the warrant of the defendants for one-half the contract price of said bridge, was unlawfully and fraudulently made by the plaintiff, with the design and purpose of inducing, and did induce, the said county of Macoupin to enter into said contract and to become liable for one-half the purchase price of said

bridge; that by reason whereof the said contract and warrant were null and void.

While this plea charges that at the time of making the contract for the erection of said bridge for which the order was issued, appellee had notice that the proceeds of the levy of 1897 would be expended, no connection is alleged between such levy and such knowledge and the order sued on or the contract on account of which the order was issued. The plea alleges a verbal understanding or agreement between appellants and appellee by which the latter was to accept an order payable at a different time than that specified in a written contract, which agreement was entered into prior to the making of such contract for the construction of the bridge, for the purpose of inducing the county of Macoupin to aid in the construction of the same. This is alleged to have been done fraudulently, but the facts alleged do not justify such legal conclusion. By the statute it is provided that upon the presentation of a petition by the commissioners of highways of a township to the board of supervisors of a county, stating certain facts enumerated in the statute, it is the mandatory duty of the board to appropriate from the county treasury an amount equal to one-half of the cost of the bridge, and to appoint a committee of three who shall act with the commissioners as one body. The plea fails to set up any false statement of facts or misrepresentation as to any existing condition, to induce action by the county board, and if the requisite facts existed and were alleged in the petition the action of the county board became mandatory and it could neither have granted nor withheld aid by reason of any verbal agreement between appellants and appellee. The agreement set up by the plea was therefore not fraudulent as to any one. Appellants were a *quasi* corporation powerless to act except as a body, and were required to keep a record of such official action. People v. Madison County, 125 Ill. 334. They therefore could not as individuals make

any verbal agreement of any legal effect whatever, nor thereby vary the terms of a written contract to be thereafter jointly made by them and the county committee, by the terms of which appellee was to be paid at the completion of the work.

The fifth amended plea alleged first that at the time of making the contract, plaintiff had notice there were no funds actually or potentially on hand out of which the said warrant could be lawfully paid; that the dates for the payment of the several sums of money to become due and payable on said contract were fixed in said contract as on January 1, 1900, at the instance of the plaintiff; that at the time of the making of the contract, it was agreed between the plaintiff and these defendants that the said dates in the contract so fixed at the instance of the plaintiff, were not to be regarded as correct, and that payment of the said several sums of money in the contract were to be made in one, two or three years thereafter, as the defendants should direct and out of moneys to be by them in the future levied; that the said dates so above alleged to have been fixed for the payment of the said several sums in and by the terms of the said contract, were so fixed by the plaintiff with the design and purpose of inducing the county of Macoupin to unlawfully join with the defendants in the contract for said bridge and to become liable to the plaintiff for the payment of one-half the contract price therefor; that the said fixing of the said several and respective dates, as the same were fixed by the said contract, for the payment of the said sums of money, were false and fraudulent and well known to the plaintiff at the time of the execution of the said contract to be false and fraudulent; that the said false and fraudulent fixing of the said dates by the plaintiff at times other than when the same were actually to become due and payable, unlawfully induced the defendants and the county of Macoupin to make the said contract for the erection of the said bridge.

The allegation of this plea that at the time of making the contract for the bridge for which the order was issued the plaintiff had notice that there were no funds or moneys in the treasury out of which the order would or could be paid, does not constitute a defense. The allegation might be true and yet appellee be entitled to recover, because at the time of making the contract a levy may have been made and the proceeds not then collected. Furthermore, a levy may have been made and the amount appropriated to the purpose of the contract and the proceeds may have been collected and expended for other purposes and yet appellee be entitled to recover upon this order. The plea further proceeds upon the theory that the contract under which the order was issued was entered into with appellee by the committee of the county board and appellants jointly, and that there was some preliminary contract or understanding with appellants, the character of which whether written, verbal, individual or otherwise, is not definitely disclosed, by which the execution of the joint contract was to be influenced. What has been said in this regard as to a former plea is therefore applicable to this one. The allegations of the foregoing pleas are not sufficient to bar a recovery upon the warrant in suit, and the demurrers thereto were properly sustained.

The third amended plea alleges that the defendants were a public corporation; that it was their duty to meet to ascertain how much money must be raised on all the taxable property of the town of South Otter for road and bridge purposes for a given year, and to levy a tax on the same not to exceed forty cents on the one hundred dollars; that it was also their duty to appoint one of their members treasurer; that they did appoint one John Caveny such treasurer; that it was his duty to accept and keep safely all funds and moneys for road and bridge purposes; that they did meet as the law directs and did levy for the year 1898 the sum of forty cents on the one hundred dollars; but that

notwithstanding the doing and performing of all of the above duties and obligations of the defendants, at the time such warrant or order sued on was issued, there was no money in the hands of the treasurer of the defendants with which the same could be paid, nor was there any levy made from which said order could be paid; that by reason thereof the order sued upon in this case was void. We are of opinion that the facts averred in this plea constituted a legal defense to the cause of action and that the court erred in sustaining the demurrer to the same.

In Brauns v. Town of Peoria, 82 Ill. 11, it is said: "We do not find, in the very many provisions of the statute respecting roads and bridges, any authority conferred upon the highway commissioners to expend money on the roads and bridges, within their respective districts, which is not in their treasury to be expended, and which has not been actually levied, nor is any authority conferred upon them to anticipate revenue and expend it, unless it be actually levied."

In Commissioners v. Newell, 80 Ill. 593, it is said: "They (the commissioners) therefore, are powerless to borrow money and it would seem to follow that they are equally powerless to incur indebtedness. If they may do so, then they may do what the law never tolerates, indirectly, what they have no power to do directly."

Commissioners of highways have no power to draw any orders for the payment of indebtedness unless there is a fund for such payment or a tax levy has been made for that purpose. Commissioners v. Jackson, 165 Ill. 17, and cases there cited. Commissioners of highways are powerless to pledge the credit of a township for work and labor upon roads and bridges to be paid for in the future out of revenues to be derived from taxes subsequently levied, and an order given in such case is void. Commissioners of Town of Deer Park v. O'Sullivan, 16 Ill. App. 34.

The first additional plea alleges that the warrant

sued on was made and issued to the plaintiff by the defendants pursuant to a certain contract in writing made on June 10, 1898, for the erection of a certain bridge; that at the time the said contract was entered into, all moneys levied, assessed and collected for the fiscal year 1898 had been lawfully expended for other road and bridge purposes for said fiscal year; that before and at the time of the making of the contract, plaintiff had knowledge and actual notice that all of the said funds and moneys so levied, assessed and collected for the fiscal year had been lawfully expended by the defendants; that at the time said contract was made, it was reduced to writing by the plaintiff and by him then and there wrongfully, falsely and fraudulently dated as of the 8th day of October, 1898, so that the same would appear upon its face to be a valid and binding obligation of these defendants to pay the sum of money therein specified out of the funds arising out of their next annual levy; and with the design and purpose of collecting the said sum of money out of funds arising from such levy. That by reason of the above premises the order mentioned in plaintiff's declaration and the contract upon which the same was issued are null and void, etc.

It is urged by the plaintiff that this plea is bad inasmuch as it does not aver that the contract was treated as a working contract and acted upon by either party in any manner until the date thereof, at which time a levy would have been made to cover the cost of the bridge. If it be true that nothing was actually done under the contract until after a levy was made in September following, and on the faith of such levy the plaintiff proceeded to erect the bridge, we are of opinion that the plaintiff would be entitled to recover upon the order. The presumption is, however, that the contract became effective at the time it is alleged in the plea to have been actually entered into, and the plea is therefore good upon its face. The matters relied upon by the plaintiff to overcome such presump-

tion were in confession and avoidance and would properly be presented by replication to the plea.

The judgment of the Circuit Court will be reversed and the cause remanded with directions to overrule the demurrers to the third amended and the first additional pleas.

*Reversed and remanded with directions.*