Lance, Cornell & Co. v. Lance, 201 Ill. App. 232.

---

## Lance, Cornell & Company, Appellant, v. J. E. Lance, Highway Commissioner, Appellee.

1. TOWNSHIP ORGANIZATION, § 37*—*when anticipation warrants void.* Anticipation warrants are void unless they are made payable solely from taxes already levied, and show on their face that they are to be paid from such taxes only.

2. TOWNSHIP ORGANIZATION, § 39*—*what does not constitute prima facie case in action on anticipation warrant.* An anticipation warrant which does not on its face show that it is to be paid solely from taxes already levied is not regular on its face, and the plaintiff in an action thereon does not, by offering it in evidence, make out a prima facie case of liability on the part of the party issuing it.

3. TOWNSHIP ORGANIZATION, § 32*—*when contract by commissioners of highways invalid.* Where a statute provides that commissioners of highways cannot let a contract for a sum in excess of a certain amount without the approval of the county superin-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tendent of highways, a contract involving a sum in excess of such sum is void though no county superintendent has been appointed.

4. TOWNSHIP ORGANIZATION, § 39*—*when declaration in action on warrant by assignee defective.* A declaration in an action by an assignee of a non-negotiable warrant, *held* defective in not alleging on oath that the plaintiff was the actual and bona fide holder thereof, and in not setting forth how and when he acquired title thereto.

Appeal from the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

CHIPERFIELD & CHIPERFIELD, for appellant.

MARVIN T. ROBISON and M. P. RICE, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Fulton county in a suit in assumpsit, brought by appellant to recover from appellee as Highway Commissioner of the Township of Harris, in Fulton county, under the single highway commissioner system adopted in that township in April, 1914. The basis of the suit is a warrant drawn in November, 1913, by the then commissioners of highways of that township, for $1,240.23, payable April 1, 1914, without interest, out of the funds in the hands of the treasurer of that township not otherwise appropriated. This warrant was drawn to pay for a carload of sewer pipe and other materials purchased in October, 1913, from the Reliable Iron & Metal Company, by the then highway commissioners. It was made payable to that company and was assigned by that company to appellant. The declaration contains two counts, one a special count based on the above facts, and the other certain of the common counts. Appellee filed his plea of nonassump-

sit and a special plea in bar, denying liability on the ground that at the time the warrant was issued there were not sufficient funds in the treasury to pay the same, that could be used for that purpose; that the warrant was not on its face made payable from taxes then levied, and that the warrant and the indebtedness it was given to pay were unlawful and contrary to the express provisions of the statute. The case was tried by the court without a jury. The finding of the court was for appellee, and judgment was rendered against appellants for costs.

The warrant sued on was not payable on demand but was what is termed an anticipation warrant. Such warrants are void unless they are made payable solely from taxes already levied, and show on their face that they are to be paid from such taxes only. *County of Coles v. Goehring,* 209 Ill. 142-162. Laws 1913, page 608 [Cal. Ill. St. Supp. 1916, ¶ 11527(1) *et seq.*].

Appellants urge that the trial court in rendering judgment against them for costs ignored the rule that when a warrant for the payment of money is introduced in evidence it makes a prima facie case of liability against the body issuing it, on the principle that it amounts to a recognition or admission that a valid indebtedness exists. As we understand the rule referred to, it only applies when the warrant relied on is regular on its face, or, in other words, when such warrant lacks nothing which the law requires it shall contain. This warrant fails to show on its face that it is to be paid solely from taxes already levied. The rule laid down in the *County of Coles v. Goehring, supra,* must therefore be applied.

Appellants urge as error that the court failed to hold as law the following proposition requested by them, viz.:

"Unless it appears affirmatively in evidence that a County Superintendent of Highways had been appointed by the Board of Supervisors under the Act of

July 1st, 1913, prior to November 18th, 1913, then the right and authority of the Commissioners of Highways of Harris Township, Illinois, to make purchases of sewer pipe for use on roads of said Township in an amount in excess of two hundred ($200) dollars existed and would not be affected by said law."

Section 8 of the Act in regard to "Roads and Bridges," approved June 27, 1913, in force July 1, 1913, page 524, Laws of 1913 [Cal. Ill. St. Supp. 1916, ¶ 10000(8)], creates the office of county superintendent of highways, and provides that such an office shall be appointed by the county board. Section 68 of that Act, page 551, Laws of 1913 [Cal. Ill. St. Supp. 1916, ¶ 10000(8)], provides, first, that the commissioners of highways may make certain contracts when the amount to be expended does not exceed $200, and then provides: "When *any* contract shall be for a sum in excess of $200 the said commissioners shall not let the same without the approval of the County Superintendent of Highways." The contract in question did involve the expenditure of more than $200.

The proposition submitted does not deny the law to be that, if there was a superintendent of highways in Fulton county at the time the contract for the sewer pipe in question was made, it would be void without the approval of such superintendent, but announces the law to be that, unless such officer had been appointed when the contract was made, the commissioners of highways could make a valid contract without the approval of a county superintendent of highways.

The act in question makes no such exception. Its operation was not deferred or suspended until a superintendent of highways should be appointed. It speaks from July 1, 1913, when it went into force. It says that after July 1, 1913, no contract shall be made by the commissioners of highways involving over $200, without the approval of the county superintendent of highways. It is a familiar rule that when a statute speaks, implicit reliance must be placed on it. In our

opinion it is a salutary law, and well calculated to con-
serve the rights and property of the people. Even if
the highway commissioners did not approve of it, they
had no power to add to it or take from it. It stands
on the statute books for their guidance in the per-
formance of their duties. It is a rule to govern their
action prescribed by a superior authority, and which
they as inferiors are bound to obey. We think the
commissioners were without authority to make the con-
tract for the sewer pipe to pay for which this warrant
was issued without having it approved as provided by
the act referred to. If a county superintendent of
roads had not been appointed, contracts involving the
expenditure of over $200 must wait until one was ap-
pointed. Besides that, ample time in which such offi-
cer could and should have been appointed elapsed
between the 1st day of July, 1913, and the time in Octo-
ber of that year when the commissioners attempted
to contract for the sewer pipe. It was the official duty
of the county board to make such appointment, and
in the absence of proof to the contrary, the presump-
tion must be indulged in that the county board had
performed its duty. 29 Cyc., page 1437.

It follows that the proposition of law requested by
appellants was properly refused. It also follows that
the contract of October, 1913, involving the expenditure
of more than $200 and not approved by the county su-
perintendent of roads, was void and created no obli-
gation on the Township of Harris.

We desire to mention one further fact. The war-
rant sued on is not negotiable. Appellants sue as
assignees in their own name. Section 18 of the Prac-
tice Act (Cal. Ill. St. Supp. 1916, ¶ 8555) provides
that suits on non-negotiable choses in action may be
begun in the name of the assignee, but that when so
begun the plaintiff "shall in his pleading on oath,
* * * allege that he is the actual bona fide owner
thereof, and set forth how and when he acquired title."

The declaration does not conform to the requirements of that section of the Practice Act. It is not therein averred that the plaintiffs are the actual bona fide owners of the warrant sued on, or how they acquired title thereto. Neither is it verified. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*

MR. JUSTICE THOMPSON took no part.