SECOND DISTRICT—MARCH, 1923.    471

Natl. Bank of Monmouth v. Shunick, 228 Ill. App. 471.

National Bank of Monmouth, Appellee, v. M. T. Shunick, Commissioner of Highways of Town of Sumner, County of Warren, State of Illinois, Appellant.

### Gen. No. 7,177.

1. TOWNSHIPS—*when warrants are anticipation warrants.* Warrants drawn by the highway commissioner of a town on the treasurer of the road and bridge fund in payment for culverts furnished to the township are anticipation warrants when they are made payable at a future date out of taxes theretofore levied but to be collected at a future date prior to the date of payment.

2. TOWNSHIPS—*signature of supervisor not required on anticipation warrants.* The provisions of the Road and Bridge Act, Cahill's Ill. St. ch. 121, ¶ 56, requiring the town commissioner of highways to issue warrants for the payment of moneys for road and bridge purposes and of section 52, ¶ 58, prescribing the duties of the supervisor as treasurer, were not changed by the provisions of Cahill's Ill. St. ch. 146a, ¶ 2, relative to anticipation warrants, so as to require the supervisor to sign such warrants, and the commissioner alone is the proper authority to issue such warrants.

3. TOWNSHIPS—*admissibility of anticipation warrants in evidence in suit to enforce them.* In a suit by the assignee of anticipation warrants drawn against the road and bridge fund of a township to collect such warrants, they are admissible in evidence where they are valid on their face, without further proof than of their execution and delivery to the assignor and of the assignment to plaintiff.

4. TOWNSHIPS—*negotiability of anticipation warrants drawn against road fund.* Anticipation warrants which recite that they are given in payment for culverts furnished to the township recite a consideration and are negotiable instruments which pass by indorsement so as to vest title in the indorsee so as to authorize him to bring suit on them in his own name under the statute, Cahill's Ill. St. ch. 98, ¶ 1, providing that written instruments issued by a body politic acknowledging a sum of money to be due shall be taken as due and payable as therein expressed, and ¶¶ 2 and 3 making such instruments assignable by indorsement so as to vest title in an assignee so as to enable him to sue thereon in his own name; and such warrants are admissible without proof of consideration, especially as against a plea of failure of consideration.

5. TOWNSHIPS—*when failure of consideration for anticipation*

472    APPELLATE COURTS OF ILLINOIS.

Natl. Bank of Monmouth v. Shunick, 228 Ill. App. 471.

*warrants on road fund not shown.* Failure of consideration for anticipation warrants drawn against the road and bridge fund issued for culverts furnished is not shown by the testimony of the highway commissioner succeeding in office he who issued the warrants that he did not know of any place in the township where the culverts were used and of the railroad agent that the culverts had not been received at the station, where there was no evidence as to the original transaction and the warrants recited on their face that they were issued for culverts.

6. OFFICERS AND PUBLIC EMPLOYEES—*presumption of honesty and legality of official acts.* Instructions that the law presumes that every public officer does his duty honestly, that he acts within his authority, that he has acted legally in his official acts and that all men are fair, honest and deal in good faith, are proper in a suit to collect anticipation warrants drawn on the road and bridge fund for culverts furnished to the township, where the defense is failure of consideration and there is evidence tending to impeach the honesty of the commissioner who issued the warrants.

7. CARRIERS—*delivery to carrier as delivery to the consignee.* In a suit to enforce anticipation warrants drawn on the road and bridge fund for culverts furnished to the township, it is proper to instruct the jury that delivery of an article to a common carrier is delivery to the consignee or purchaser thereof where it is sought to show that the culverts were not actually furnished to the township and the railroad agent testifies that they were not received at the station of the railroad and there is some question as to whether his records showed that the consignor, to whom the warrants were issued, had delivered them to a connecting carrier.

Appeal by defendant from the Circuit Court of Warren county; the Hon. W. C. FRANK, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed March 16, 1923. Rehearing denied April 17, 1923.

CHARLES E. LAUDER and FREDERICK H. LAUDER, for appellant.

GRIER, SAFFORD & SOULE, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellee, the National Bank of Monmouth, as assignee of the Good Roads Machinery Company, began

an action of assumpsit in the circuit court of Warren county against M. T. Shunick, as commissioner of highways of the town of Sumner, Warren county, Illinois, to recover $391 due on two town orders, or warrants, issued to the assignor by W. J. Bond, who on the date the orders were issued was the commissioner of highways of said township. Bond was subsequently succeeded as commissioner of highways by M. T. Shunick and when the two orders became due, Shunick refused to pay them, and suit was brought by the assignee. There was a trial by a jury, verdict for the full amount claimed to be due, and from the judgment rendered on the verdict this appeal was prosecuted.

The declaration consisted of the common counts, and a special count properly verified under section 18 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 18]. The general issue was filed, together with a plea of failure of consideration. A counterclaim was filed by the appellant, based upon a failure of the assignor to give credit for the payment of two orders which appellant claims were previously issued to the assignor for which no credit had been given.

The evidence showed that on December 4, 1919, Bond, as commissioner of highways, drew an anticipation warrant on the treasurer of the road and bridge fund of the township for $195 and a few days later drew another warrant for $196, each payable to the assignor, and showing that they were given in payment for culverts. These warrants were each stamped as follows: "Payable out of taxes levied in September 1919, due April 1920, when said tax is collected," followed by the words: "Due April 1920." Each warrant was indorsed in blank to the appellee by the agent of the assignor. Upon the trial, the appellee to sustain its case, proved the execution and delivery of the two warrants and the assignment of the same to the appellee. It was stipulated that a demand for payment had been made upon the treasurer of the road

474    APPELLATE COURTS OF ILLINOIS.

Natl. Bank of Monmouth v. Shunick, 228 Ill. App. 471.

and bridge fund before September 8, 1920, when suit was begun. Each warrant was admitted in evidence over the objections of the appellant.

As ground for reversal, it is urged that the warrants created no debt against the town; that if they are anticipation warrants, they were not executed by the proper authorities provided by statute, and there would have to be an assignment of taxes when collected to the amount of the warrants, and it would be necessary for the appellee to show the taxes had been collected and diverted to other purposes; that if the warrants are not anticipation warrants, then in the absence of proof of consideration they should not have been admitted in evidence; that since July 1, 1907, the supervisor is the treasurer of the road and bridge fund, and holds the fund to pay upon orders of the highway commissioner; that if the fund is exhausted and the levy of taxes for the next year has not been made, there is no legal way for the commissioner of highways to do business on credit; that if the taxes for the next year have been levied and the road and bridge fund has been exhausted, anticipation warrants may be issued by the proper authorities to the extent of seventy-five per cent of the amount of the levy, provided such warrants are jointly issued by commissioner of highways and the supervisor; that the warrants in question were illegally issued for the reason that they were not signed by the proper authorities and were not used to provide a fund for the necessary expenses of the highway commissioner as provided by statute.

Section 50, ch. 121, of the Road and Bridge Act [Cahill's Ill. St. ch. 121, ¶ 56], provides that the commissioner of highways shall be present at his office annually on the first Tuesday in September of each year for the purpose of determining the tax rate to be certified by him to the county board. That section also defines the following duties of the commissioner of

highways: To determine the tax necessary to be levied for road and bridge purposes, to direct the expenditure of all moneys collected in the town for road and bridge purposes, to have general charge of the roads and bridges of the town, to keep the same in repair and to improve the same as far as practicable, to issue a warrant or order on the treasurer for the payment of all moneys paid out by such treasurer.

Section 2, ch. 146 A [Cahill's Ill. St. ch. 146a, ¶ 2], provides that whenever there is not sufficient money in the treasury of any county, city, town, village or other municipal corporation to meet and defray the ordinary and necessary expenses thereof, it shall be lawful for the proper authorities thereof to provide a fund to meet all said expenses by issuing and disposing of warrants drawn against and in anticipation of any taxes already levied by said authorities for the payment of all such ordinary and necessary expenses, to the extent of seventy-five per centum of the total amount of any such tax levied, provided that warrants drawn and issued shall show upon their face that they are payable solely from said taxes when collected and not otherwise, and shall be received by any collector of taxes in payment of the taxes against which they are issued, which taxes, against which said warrants are drawn, shall be set apart and held for their payment.

The question is this case is to determine who are "the proper authorities" authorized to issue anticipation warrants, as provided in this section of the statute, the contention of the appellant being that it is both the commissioner of highways and the supervisor as treasurer of the fund. It will be observed that all through the statute the various duties above specified are placed upon the commissioner of highways, namely, to determine the taxes, to direct the expenditure of the money and to issue warrants or orders on the treasurer. At no place in the statute is it provided

that the treasurer shall sign any order or warrant issued by the commissioner of highways. The duty of the treasurer as defined in section 52, ch. 121, of the statute [Cahill's Ill. St. ch. 121, ¶ 58], is to receive and have charge of all money raised in the town for the support and maintenance of roads and bridges, to hold such money at all times subject to the commissioner of highways, to pay the fund out upon the order of the commissioner, and to keep an account in a book provided by the commissioner of all money received and all money paid out, showing in detail to whom and on what account the same is so paid. When there are ample funds in the hands of the treasurer to pay orders as drawn by the commissioner of highways, it is not disputed and there can be no question under the statute but what an order is valid when signed by the commissioner of highways. He is the officer provided by statute, authorized to sign and issue the warrant and it is not necessary under those circumstances to have the warrant signed by the treasurer. To hold otherwise would be to read into the statute language which the statute does not contain. We find nothing in section 2, ch. 146 A, which changes this rule when anticipation warrants are issued as provided in that section. In support of the contention that the treasurer shall also sign the warrant, the appellant cites the case of *Gray v. Board of School Inspectors of Peoria*, 231 Ill. 63. We do not think there is anything in that case which bears out this contention. That case does not hold that anticipation warrants shall be signed by the treasurer, but it in effect holds that the municipal officer charged with the duty of levying the tax and handling the fund is the officer under section 2, ch. 146 A, who shall sign the anticipation warrants. We hold that the two instruments in question in this case are anticipation warrants, that they were issued by the proper officer authorized by law to issue them,

that they were valid upon their face, and that the court properly admitted them in evidence.

It is next contended by appellant that these warrants are non-negotiable; that appellee conceded this fact when it attached to the special count of the declaration the affidavit provided in section 18 of the Practice Act, which provides for an affidavit where the action is based upon a non-negotiable chose in action; that where the action is based upon a non-negotiable chose in action, consideration for the same must be alleged and proven before the same shall be admitted in evidence. In other words, that only negotiable instruments, or those instruments under seal importing a consideration, are admissible in evidence without prior proof of the consideration for which they were issued.

It cannot be seriously contended that these warrants are negotiable instruments in the same sense that notes, bonds, checks and other similar instruments are negotiable, but in order for them to be admitted in evidence without proving consideration it was not necessary that they should be negotiable instruments the same as bills and notes are negotiable. Orders drawn by municipal officers are negotiable in the sense that they may pass by indorsement so as to vest the title in the assignee and authorize him to institute suit thereon in his own name, even though they are not negotiable to the extent of cutting off defenses which might be set up against the original payee. Under section 1, ch. 98, of the statute [Cahill's Ill. St. ch. 98, ¶ 1], all instruments in writing made by any body politic, acknowledging any sum of money to be due, shall be taken to be due and payable as therein expressed. *Goodwin v. Goodwin*, 65 Ill. 497. Under sections 2 and 3 of the same chapter [Cahill's Ill. St. ch. 98, ¶¶ 2, 3] the instruments named in section 1 are made assignable by indorsements so as to vest title in the assignee and enable him to sue thereon in his

478     Appellate Courts of Illinois.

. Natl. Bank of Monmouth v. Shunick, 228 Ill. App. 471.

own name.   Where the instrument sued on recites an adequate consideration, the plaintiff need not prove consideration other than as is stated in the instrument itself.   If the defendant sees fit to attack the consideration, the burden of proof is upon such defendant to establish such want of consideration.   *Drainage Com'rs v. Loveless,* 67 Ill. App. 405; *Campbell v. Thompson,* 192 Ill. App. 415.   Where a warrant for the payment of money, regular upon its face, drawn by officers having authority to draw the same, is introduced in evidence, a valid and sufficient consideration therefor may properly be presumed, and it makes a prima facie case of liability against the body issuing it.   *Drainage Com'rs v. Loveless,* 67 Ill. App. 405; *Adams v. Highway Com'rs Town of South Otter,* 151 Ill. App. 68; *Lance, Cornell & Co. v. Lance,* 201 Ill. App. 232.   Each of these warrants recites upon its face that it was given for culverts and for that reason each recited a consideration.   The plea in this case does not set up a want of consideration, but the plea is a failure of consideration, and as was held in *Drainage Com'rs v. Loveless, supra,* page 407: "The orders or warrants are prima facie evidence of liability according to their terms, but of course whether held by the payee or by an assignee, the district would be permitted to show failure of consideration or other meritorious defense."

In support of its plea of a failure of consideration the appellant offered evidence tending to show that these culverts had not been received or used by the township.   The evidence of the commissioner of highways was that he did not know of any place in the township where they had been used.   The agent of the railroad testified that the culverts had not been received at the railroad station.   This was about all of the evidence tending to show a failure of consideration.   The burden of proof was upon the appellant to prove this failure.   Appellant did not see fit to call

Bond, who was the commissioner of highways at the time the warrants were issued, nor did it see fit to call any representative of the assignor to testify concerning this matter. If the appellant really desired to prove a failure of consideration, he should have called these witnesses and caused them to testify concerning the transaction in question. The evidence as it stands was not sufficient to prove either a failure of consideration, or that prior warrants had been issued to the assignor for which the appellant had not received credit.

The giving of the fourth, fifth and sixth instructions on behalf of the appellee is assigned as error. These instructions told the jury that the law presumed that every public officer does his duty honestly, that he acted within his authority, that it is presumed that officers have done their duty and acted legally, and that all men are fair, honest and deal in good faith; that the burden of proof of the contrary is on the person who alleges the contrary. It is insisted that these instructions misled the jury, confused the issues, and presented an issue foreign to the case. Each of these instructions announce a correct rule of law. *People v. Hassler*, 262 Ill. 133; *People v. Garner*, 267 Ill. 396; *City of Chicago v. Wells*, 274 Ill. 360; *Woodward v. Donovan*, 167 Ill. App. 503. While there was no direct evidence of dishonesty, improper conduct, or that any officer acted without authority, yet it was at least insinuated that the prior commissioner of highways was guilty of some of these improper acts, and under these circumstances the court was justified in giving the three instructions. Instruction eleven given on behalf of the appellee told the jury that the delivery of an article to a common carrier was a delivery to the consignee or purchaser of that article. There was no evidence that the culverts were not ordered by the former commissioner of highways, and the only evidence of a failure of consideration was that they were

not received or used in the township. There was some question raised in the examination of the agent of the railroad company as to whether his records showed that these culverts had been delivered to any connecting line by the party shipping them, and for that reason the court was justified in giving the eleventh instruction.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*