JAMES GRAY, appellant, *vs.* JAMES W. McCANCE, appellee.

*Appeal from Hancock.*

An injunction should not be dissolved, and a bill dismissed, upon the filing of an answer
not under oath; or without evidence of the truth of the facts alleged in the answer.

This was a bill filed by complainant, McCance, in which he
alleged, that in the year 1839 himself and family settled and
made his residence on the north-west fractional quarter of sec-
tion eleven, in township seven north, range eight west, contain-
ing one hundred and fifty acres; that he had a valid right of
pre-emption to said land; that on the 23d day of September,
1841, he proved his right of pre-emption before the register and
receiver at Quincy, Illinois, and that the same was allowed by
them; that he paid the price of said land, and took the receiv-
er's receipt in the usual form; that about the 28th day of May,
1842, said register and receiver, on the application of one Sam-
uel L. White, without authority of law, of their own wrong, by
usurpation of power, reviewed their decision granting to appel-
lant said pre-emption, set the same aside, declaring it null and
void.  That in the year 1844, the appellee applied to said re-
gister and receiver for a pre-emption on said tract of land, and
that said register and receiver, acting on false and fraudulent
evidence, allowed him a pre-emption on said land, and received
from him the purchase money thereof; that said appellee had,
in fact, no right of pre-emption to said land, and states facts to
show that he was not so entitled; but that a patent has been is-
sued to said appellee, upon which he brought an action of eject-
ment against appellant, recovered a judgment, and is about to
turn him out of possession, and prayed and obtained an injunc-
tion, &c.

On the 19th day of April, 1849, the defendant filed his answer,
in which he does not deny any of the facts stated in complain-
ant's bill, but alleges that, on the fifteenth day of September,
1847, the plaintiff filed in said Court his bill against said de-
fendant, in which he set up the same matters contained in this
bill, and prayed the same relief; that the defendant fully an-
swered that bill, and that the injunction granted in that case was
dissolved; which bill is still pending and undecided, except by
dissolving said injunction.  All which fully appears by the re-

cord and proceedings in said case, remaining on file in said Court. Prayed that the injunction be dissolved and the case dismissed. And for that purpose, refers to the facts stated in his answer in the former suit, and makes them part of this answer.

On the 20th day of April, 1849, the defendant moved the Court to dissolve the injunction and dismiss the bill. This motion was taken under advisement by the Court, " and it was agreed by the parties, that the answer herein filed might be considered as an answer for the purposes of this motion."

On the 25th April, the appellant, complainant, moved for leave to file exceptions to defendant's answer; which motion was overruled: on the following day, Minshall, Judge, dissolved the injunction and dismissed the bill. Both of which orders are assigned for error.

S. T. Logan, for appellant.

Williams & Lawrence, for appellee, made the following points:

. The answer or plea in this case, may be technically informal, but as the plaintiff did not except, but agreed that it should stand and be considered as an answer, he cannot now except to it. The answer states facts which, if true, were a good bar to the prosecution. The plaintiff, by filing a replication, might have controverted their truth, upon the hearing of the motion, but having failed to reply, he admitted the truth of the answer, and must now be considered as having consented that the Court should determine the law of the case, arising upon the facts. And there can be no doubt that, upon the merits, the bill should have been dismissed. The plaintiff having agreed that the answer should be considered and received upon the motion, had no right to retract his agreement or admission, and except to the answer.

If there was any irregularity in the proceedings, it was waived by the complainant; substantially, and upon the merits, the decree of the Circuit Court was correct. It being admitted by the pleadings, that there was another suit pending in the same Court, between the same parties, for the identical cause of action, and seeking the same relief, the complainant had no right to prosecute this suit. There was not, therefore, any reason for

continuing it in Court, and the Court below did right to dismiss it.

Opinion by Mr. Justice TRUMBULL:

The defendant, in an answer, not under oath, alleged that the complainant had previously filed a bill against him in the same Court, in which he set up the same matters, and prayed the same relief as in this case; that he fully answered said first bill, and that such proceedings were thereupon had that the injunction granted in said suit was dissolved, but that the suit was still pending and undecided.

The day after filing his answer, and before any replication thereto had been filed, the defendant entered a motion to dissolve the injunction granted in this case, and to dismiss the bill. This motion the Court sustained; and that decision is now assigned for error.

The decision of the Court was clearly erroneous. Admitting that the facts set forth in the answer, if proved—or if set forth in a plea, and admitted—would have constituted a sufficient defence, the defendant, if he thought proper to allege them in an answer, should have been required to furnish evidence of their truth. This, so far as the record shows, he did not do. The answer furnished no evidence of the truth of the facts alleged.

The decree of the Circuit Court is reversed, and the cause remanded.

*Decree reversed.*