| 65 | 497 |
| 56a | 501 |
| 65 | 497 |
| 198 | ¹223 |

## JEREMIAH GOODWIN

*v.*

## SAMUEL J. GOODWIN.

1. CONSIDERATION—*when necessary to prove.* In a suit to recover one year's interest upon the following instrument, to wit: "$3000. Aurora, Ill., Nov. 7, 1867. Due Samuel J. Goodwin, at the time of my decease, three thousand dollars, with interest payable annually, at the rate of six

32— 65TH ILL.

per cent per annum, *provided* my assets are sufficient, after my decease, to pay my then liabilities, but if not, this note to be delivered up to my heirs or personal representatives. Jeremiah Goodwin:" *Held*, that while the instrument was not technically a promissory note, because payable upon a contingency, yet that, so far as the interest was concerned, it was "an instrument in writing" for the payment of money, and that a recovery of the interest might be had without proof of the consideration of the instrument.

2. CHANGE OF VENUE—*when refusal works no injury.* Where the only question in a case was the construction of the instrument sued on, and the court construed the same correctly: *Held*, that the refusal of a motion for a change of venue, on account of prejudice in the judge, could work no injury.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

The facts appear in the opinion, except that the application for a change of venue was based upon the alleged prejudice of the judge who tried the cause below.

Mr. EUGENE CANFIELD, for the appellant.

Mr. A. G. McDOLE, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought to recover one year's interest on the following instrument:

"$3000.                           AURORA, ILL., Nov. 7, 1867.

"Due Samuel J. Goodwin, at the time of my decease, three thousand dollars, with interest payable annually, at the rate of six per cent per annum, *provided* my assets are sufficient, after my decease, to pay my then liabilities, but if not, this note to be delivered up to my heirs or personal representatives.                           JEREMIAH GOODWIN."

It is urged that this instrument is not a promissory note, because payable only on a contingency, and that it was, therefore,

necessary to prove a consideration, in order to a recovery, which was not done. It is true, the instrument is not, technically, a promissory note, for the reason named; but so far as the interest is concerned, it is "an instrument in writing" for the payment of money, and is, therefore, under our statute, to be considered due and payable according to its terms, without proof, in the first instance, of a consideration. By the terms of the instrument, the interest was payable annually, and the maker had himself given it that construction, by paying the interest for the first three years after the note was given.

We think the court did not err in rendering judgment for the interest due, without proof of a consideration.

It is not necessary to decide whether the defendant's affidavit entitled him to a change of venue. The denial of his motion worked him no prejudice, as the only question in the case was the construction of this instrument, and the court construed it correctly.

The judgment of the court below is affirmed.

*Judgment affirmed.*