LUCINDA D. WHITTAKER, Exrx.

*v.*

CROW, HARGADINE & Co.

| 132 | 627 |
|-----|-----|
| 159 | 652 |
| 132 | 627 |
| 47a | 639 |

| 132 | 627 |
|------|--------|
| 111a | [2]107 |

*Filed at Springfield March 31, 1890.*

1. LIMITATIONS—*new contract—to take a case out of the statute.* After the Statute of Limitations had run against a note for $789, the holders thereof, a partnership firm, indorsed thereon, "We agree to accept $500 in full satisfaction of within note during 1885," to which their firm name was signed, and below this entry was written, "I accept the above condition," signed by the maker: *Held,* that these entries amounted to a new contract by the debtor, based on the moral consideration of the old debt to pay the sum agreed upon, within the time fixed, and that it was a surrender on the part of the creditor of all other demands growing out of the former liability, and that such new contract was a binding obligation on the debtor.

2. INTEREST—*on written promise to pay—after limitation had run.* The maker of a promissory note barred by the Statute of Limitations, accepted an offer of the owner of the note to accept a sum less than the face of it, in full satisfaction thereof, all of which was written on the note. This was held to amount to a promise to pay the sum named, and that as the contract was in writing, the promisee was entitled to six per cent interest after the maturity of the new contract.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Pike county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

Mr. JAMES E. McMURRAY, for the plaintiff in error:

By prosecuting their demand in this State, the defendants in error are entitled only to the remedies provided by our laws. 1 Edwards on Bills and Notes, sec. 220 ; *Ruggles* v. *Keeler,* 3 Johns. 267.

Where the plaintiff has the right to sue the defendant in the courts of another State for the five years, as required by the laws of that State, it is a bar here.   (See Rev. Stat. sec. 20,

chap. 83, as construed in *Humphrey* v. *Cole*, 14 Bradw. 56.) The promissory note having been once barred by the Statute of Limitations, suit can not be maintained on it unless there was a part payment or a new promise to pay, in writing, within ten years just prior to filing the claim. Starr & Curtis, chap. 83, sec. 16.

The new promise to pay, to be sufficient to remove the bar of the statute, must be absolute and unqualified, and is not to be extended, by implication or presumption, beyond the express words of the promise. *Kimball* v. *Swartz*, Breese, 218; *Bell* v. *Morrison*, 1 Pet. 351; *Parsons* v. *Coal and Iron Co.* 38 Ill. 430; *Carroll* v. *Forsyth*, 69 id. 127; *Wachter* v. *Albee*, 80 id. 47.

An offer to pay a less sum than the amount due, made by a debtor in whose favor the statute had run, will not remove the bar unless accepted at the time when made. Wood on Limitations, 190; *Lawrence* v. *Hopkins*, 13 Johns. 287; *Bell* v. *Morrison*, 1 Pet. 351; *Parsons* v. *Iron and Coal Co.* 38 Ill. 430; *Slack* v. *Norwich*, 32 Vt. 818; *Batchelder* v. *Batchelder*, 48 N. H. 23; *Smith* v. *Eastman*, 3 Cush. 355; *Munford* v. *Freeman*, 8 Metc. 432.

An agreement to accept a less sum than the amount due is a *nudum pactum*. *Heathcote* v. *Crookshanks*, 2 T. R. 24; *Dederick* v. *Leaman*, 9 Johns. 332.

Even the payment of a less sum of money than the whole debt, without a release, is no satisfaction of the plaintiff's claim. *Harrison* v. *Wilcox*, 2 Johns. 449; *Fitch* v. *Sutton*, 5 East, 232; *Seymour* v. *Minturn*, 17 Johns. 169.

The new promise may be subject to whatever qualifications the debtor sees fit to impose. *Parsons* v. *Iron and Coal Co.* 38 Ill. 430; *Bell* v. *Morris*, 1 Pet. 351; *Wachter* v. *Albee*, 80 Ill. 47; Wood on Limitations, 184, and note 2.

Mr. J. S. IRWIN, for the defendants in error:

The question whether there is a contract is a question of fact for the jury. *McDonald* v. *Allen*, 128 Ill. 521; *Jones* v. *Fortune*, id. 520; *Railroad Co.* v. *Lewis*, 109 id. 120; *Paddock* v. *Insurance Co.* 107 id. 196; *National Bank* v. *LeMoyne*, 127 id. 253; *Hobbs* v. *Ferguson*, 100 id. 232; *Christy* v. *Stafford*, 123 id. 465; *Montgomery* v. *Black*, 124 id. 57; *First Nat. Bank* v. *Haskell*, id. 577.

The indorsement on the note amounted to a new contract. *Keener* v. *Crull*, 19 Ill. 189; *Sennott* v. *Horner*, 30 id. 429; *Kallenbach* v. *Dickinson*, 100 id. 427; *Zeigler* v. *Tennery*, 23 Ill. App. 133.

Courts, in construing contracts, will be governed by the intention of the parties. *Streeter* v. *Streeter*, 43 Ill. 155; *Tracy* v. *Chicago*, 24 id. 500; *Walker* v. *Douglas*, 70 id. 445; *Crabtree* v. *Hagenbaugh*, 25 id. 233; *Railroad Co.* v. *City of Aurora*, 99 id. 205; *Benjamin* v. *McConnell*, 4 Gilm. 536; 2 Parsons on Contracts, 503.

The court, to carry out the intention of the parties, will give a strained construction. *Coey* v. *Lehman*, 79 Ill. 173; *Stout* v. *Whitney*, 12 id. 218.

A party is bound by that construction of a contract he knows is entertained by the other party. *Wells* v. *Carpenter*, 65 Ill. 447; *Wilson* v. *Marlow*, 66 id. 385.

Interest should have been allowed. Laws of 1857, sec. 1; Rev. Stat. 1874, chap. 74, sec. 4; *Brockman* v. *Sieverling*, 6 Bradw. 513; *Norton* v. *Colby*, 52 Ill. 198; *Marshall* v. *Tracy*, 74 id. 379; Chitty on Contracts, p. 821 a, note 1.

The circuit court had the right to classify the claims. *Darling* v. *McDonald*, 101 Ill. 370; *McCall* v. *Lee*, 120 id. 261.

The Appellate Court has power to correct the judgment by the allowance of interest. Starr & Curtis, chap. 110, sec. 82; *Masters* v. *Masters*, 13 Bradw. 611; *Peck* v. *Stephenson*, 5 Gilm. 127; *Welch* v. *Wallace*, 8 id. 490; *Church* v. *Jewett*, 1 Scam. 55.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The amount involved in this case is less than $1000.00, but the Judges of the Appellate Court of the third district have certified, that the "case involves questions of law of such importance, on account of principal interests, as that it should be passed upon by the Supreme Court." In deciding the cause, the Appellate Court, speaking through Mr. Justice Wall, pronounced the following opinion:

"It appears from the record, that A. S. Whittaker made his promissory note to Crow, McCreary & Co. for $789.50, payable December 20, 1874; that no payment was made thereon within ten years after maturity; that Crow, Hargadine & Co. became the holders by endorsement, and that after the statute of limitations of ten years had fully run, the following proposition and acceptance were written on the back of the note:

" 'We agree to accept $500 in full satisfaction of within note during 1885. CROW, HARGADINE & Co.

" 'I accept the above condition.—A. S. WHITTAKER.
" 'ST. LOUIS, *March 20, 1885.*'

"The question is, what legal significance is to be attached to these entries. Plaintiff in error urges that the holder of the note merely proposed to accept the sum mentioned within the time mentioned, but that the debtor, while accepting the condition, did not bind himself to pay. If so, then the offer of the creditor was without consideration and not binding on him, and therefore nothing obligatory was offered on either side. We think, however, the parties intended to contract, and did contract, the one to pay and the other to receive, and that upon the maturity of the contract thus made an action would lie by the promisee against the promisor. In substance, it was a new contract by the debtor, based on the moral consideration of the old debt, to pay the sum agreed on within

the time fixed, and it was a surrender on the part of the creditor of all other demands growing out of the former liability.

"If this be the correct view, it follows that the defendants in error were entitled to an allowance for the principal sum thus promised, which was granted by the circuit court, and as the contract was in writing, interest also was allowable after maturity.

"The cross-errors assigned are upon the failure of the court to allow such interest. This point is well made. The judgment will be reversed upon cross-errors, and the cause will be remanded with directions to allow interest at six per cent after maturity of said new contract. The defendants in error will recover their costs herein."

We think that the foregoing opinion expresses the correct view of the entries endorsed upon the note, and that it also correctly disposes of the question of interest; it is accordingly adopted as the opinion of this Court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*