# Helen M. Safford v. Amos C. Graves, Administrator of the Estate of William Ruste

1. PROMISSORY NOTES—*Payable After the Death of the Maker.*—A promissory note made payable one day after the death of the maker, if otherwise unobjectionable, imports a valuable consideration, and with proof of its execution and death of the maker, makes out a *prima facie* case against the estate of the deceased maker.

2. SAME—*Intended as a Testamentary Bequest.*—A promissory note given by a person, payable after his death, when intended as a mere testamentary bequest, is without valid consideration and can not be enforced against his estate.

**Memorandum.**—Claim in probate. In the Circuit Court of Kane County, on appeal from the Probate Court of said county; the Hon. HENRY B. WILLIS, Judge, presiding. Trial by the court without a jury; finding and judgment for the defendant; appeal by plaintiff. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

APPELLANT'S BRIEF, BOTSFORD & WAYNE AND M. O. SOUTH-WORTH, ATTORNEYS.

The note is good in form and substance, and, *prima facie*, shows a valid subsisting cause of action against said estate. Its production by the plaintiff on the trial, without any proof to impeach its consideration or validity, entitled the plaintiff to a judgment for the principal and interest shown by the note to be due. Burnap v. Cook, 32 Ill. 168; Farwell v. Meyer, 35 Ill. 40; Gordon v. Adams, 127 Ill. 223.

The note is an absolute promise to pay money, for value received, and on its face purports a good and valuable consideration, and can only be attacked by direct and positive proof. Hoyt v. Jeffray, 29 Ill. 104; Hill v. Todd, 29 Ill. 101; Randolph on Commercial Paper, Secs. 562-563.

Although made payable one day after the death of the maker, it is as valid a note as if made payable on a fixed day. Randolph on Commercial Paper, Sec. 113; Goodwin v. Goodwin, 65 Ill. 497; Worth v. Case, 42 N. Y. 362.

If for any cause the consideration for the note is wanting,

inadequate, or has in any manner failed, the burden of proof is on the defendant to show that not only no action can be maintained on it, but if recovery might be had *pro tanto*, then to show by the evidence the extent and amount of such recovery. In other words, the *onus* of proof is on the defendant to impeach the consideration in whole, or to some certain and definite extent. Parish v. Stone, 14 Pick. (Mass.) 198; Eich v. Sievers, 73 Ill. 194; Guild v. Belcher, 119 Mass. 257.

A. J. HOPKINS, N. J. ALDRICH and F. H. THATCHER, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellant filed in the County Court of Kane County as a claim against the estate of Wm. H. Ruste the following note :

"$5,000.                    AURORA, Illinois, August 17, 1877.

One day after my decease I promise to pay to the order of Helen M. Safford the sum of five thousand dollars, with interest after due. Value received.

(Signed)    WM. H. RUSTE."

In the County Court she recovered $2,000, and in the Circuit Court on appeal she recovered a judgment for the full amount of principal and interest. The administrator of the estate appealed from the last mentioned judgment, which was by this court reversed at the May term, 1891, and the case remanded to the Circuit Court. See 41 Ill. App. 659.

The case was redocketed in the Circuit Court and when tried again, judgment was rendered in favor of the administrator.

On the trial, appellant, to sustain her claim, offered in evidence the note, proved its execution and delivery and the death of Ruste. The administrator offered no evidence but relied upon the opinion of this court reported in 41 Ill. App. for a judgment in his favor.

The introduction of the note with proof of its execution

and delivery and proof of the death of Ruste made a *prima facie* case for appellant. The note on its face purports a valuable consideration. Although made payable one day after the death of the maker, it is as valid as if made payable on a fixed day. Goodwin v. Goodwin, 65 Ill. 497; Worth v. Case, 42 N. Y. 362.

Appellee contends, however, that the finding and judgment of the Circuit Court is right because this court in its former opinion held that the note was in the main, shown to have been intended as a testamentary bequest merely, and that in so far as it was of that nature, and without valid consideration, it could not be enforced, and that the instrument was permitted to stand only for the purpose of enabling appellant to show whether an obligation had been incurred by the intestate for board and accommodation which had not been paid. In other words, that the decision of this court concluded appellant from all proof except to show whether anything was due for board and accommodation, and if so, how much.

The contention of appellee is untenable. True, this court in its former opinion said it was apparent the note was intended in the main as a testamentary bequest, and that in so far as it was of that nature and without valid consideration it could not be enforced, yet that was given as a reason why the judgment was against the evidence; but the judgment of this court was that the judgment of the Circuit Court be reversed and the cause remanded for another trial. When remanded the case stood just as though it had never been tried. The court gave no directions to the Circuit Court, and could give none, as it is a case where parties were entitled to a trial by jury, and might introduce any competent evidence to maintain the issue, irrespective of what was introduced upon the trial, which resulted in the judgment reversed.

The judgment must be reversed and the cause remanded for another trial.