## John Donahue v. Robert S. Egan.

1. CHANGE OF VENUE—*Consent of 'Co-Defendants, When Unnecessary.*—Where judgment is confessed upon a judgment note and subsequently leave is given to plead, etc., it is error to refuse an application for a change of venue made in accordance with the statute, by one of the joint makers after having filed a plea that as to him the note is a forgery.

2. INSTRUCTIONS—*Singling Out and Giving Undue Prominence to Particular Witnesses.*—An instruction which singles out and gives undue prominence to the testimony of a particular witness is properly refused.

**Assumpsit,** on a judgment note. Trial in the City Court of Elgin; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed October 12, 1899.

D. B. SHERWOOD, attorney for appellant.

Appellant having shown a clear right to a change of venue, it was error to refuse it, and all subsequent proceedings of the court were and are erroneous. Barrows v. The People, 11 Ill. 121.

Where party seeking a change of venue complies with the statute in relation thereto, the court has no discretion in the matter but must award the change. Knickerbocker Ins. Co. v. Tolman et al., 80 Ill. 106.

The statutory requisition that all parties shall join in an application for a change of venue extends only to such of them as have a trial pending; defendants in default need not join in the application, as no action is pending as to them. Hitt v. Allen, 13 Ill. 592; Walcott v. Walcott, 32 Wis. 63; Eldred v. Becker, 60 Wis. 48.

Defendants in default have no interest in the motion. Hitt v. Allen, 13 Ill. 592; Chace v. Benham, 12 Wend. 200.

J. A. RUSSELL and ERNEST C. LUTHER, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was a suit upon a judgment note, dated November

6, 1897, purporting to be signed by James Clinnin, Jr., and appellant.

On September 26, 1898, the clerk of the City Court of Elgin, in vacation, entered judgment by confession on this note against both the makers thereof, for $227.40. On October 25, 1898, appellant entered his motion in said court to set aside the judgment and to quash the execution issued thereon. The motion was heard upon proofs presented, and an order was entered that appellant be allowed to plead to the declaration, and that the judgment and execution stand as a lien until the further order of the court. Appellant pleaded to the declaration, claiming that his alleged signature to the note was a forgery. Thereafter, on January 3, 1899, appellant filed a petition for a change of venue from the said City Court, and gave proper notice to the opposite party. A hearing was had upon the petition, the co-defendant, Clinnin, filing a paper objecting to the venue being changed, and the petition was thereupon denied. This application for a change of venue appears to have been in due form and in accordance with the statute upon that subject. We see no reason why the petition was not granted, unless it was properly denied for the reason that Clinnin did not join therein but objected to the change; or because a change of venue can not be granted when, after judgment confessed, the defendant is allowed to plead while the judgment stands as a security.

As to the first point—inasmuch as there was a judgment against Clinnin to which he made no defense or objection, he was not a party to the trial between the plaintiff and defendant Donahue. As to Clinnin there was nothing to try. His consent or objection was in no way material. (Hitt v. Allen, 13 Ill. 592.)

No reason appears and none is suggested to us, why Donahue was not entitled to a change of venue. As the record then stood there was just as complete a case and issue to try between plaintiff and Donahue, as if no judgment had ever been entered therein against the latter. We are of opinion the change of venue statute must be held to apply

to such a case. Should another judge be called in to try the case, it would not leave the court in which the action was pending. On the other hand, if the case were sent to a court of record, in that, or some other county, for trial, no inconvenience would necessarily occur. If the plaintiff succeeded in the cause, such other court could readily make an order that the order of the City Court of Elgin of October 25, 1898 (which, while not specifically staying the execution was treated by all parties as having that effect), be vacated.

If the issues were found for the defendant Donahue, then would follow an order that the judgment be vacated as to him, and that the execution issued thereon against him be perpetually stayed.

We hold it was reversible error to refuse the change of venue.

The cause was tried by a jury on the issues formed upon appellant's pleas, and a verdict returned finding that appellant signed the note, his denial of signing the note being his only defense. An order was thereupon entered confirming the judgment and vacating the order by which the execution was stayed.

Inasmuch as the case must be tried again, we refrain from entering upon any discussion of the evidence.

Complaint is made of the first instruction given for the plaintiff. No assignment of error questions the propriety of the court's action upon the instructions nor the ruling of the court upon the motion for a new trial, and hence we would not reverse the judgment for error in the instruction complained of. But for guidance on another trial, it is proper for us to say the first instruction should not have been given. It is obviously erroneous, as singling out and giving undue prominence to the testimony of witnesses who, it is claimed, saw appellant write the signature in controversy, and making the whole question turn upon their testimony. It is the duty of the jury to consider all the evidence in the case, as well that of defendant as of plaintiff, and render a verdict accordingly as it may preponderate

in favor of one party or the other. This error can readily be corrected on another trial.

Because the court erroneously refused the application for a change of venue, the judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion. Reversed and remanded.