## Miehle Printing Press & Manufacturing Company v. Elias Arkulas.

### Gen. No. 13,007.

1.  CHANGE OF VENUE—*when should be granted.* Where the statute has been complied with, it is the imperative duty of the judge judge to grant the change of venue prayed.

2.  CHANGE OF VENUE—*when motion for, in apt time.* A motion for a change of venue made more than six weeks prior to the call of the case upon the calendar of the trial judge is in apt time.

3.  CHANGE OF VENUE—*what does not waive right to.* Proceeding to trial, even without objection, does not waive a party's right to a change of venue which has previously been improperly denied and the denial excepted to.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1906. Reversed and remanded. Opinion filed February 18, 1907. Rehearing denied February 28, 1907.

F. J. CANTY and J. C. M. CLOW, for appellant.

CHARLES C. ARNOLD, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

As this case must be reversed for an error of law resulting from the denial by the trial court of appellant's motion for a change of venue, it will be unnecessary to discuss or advert to the merits of the case, as it must be remanded to the Superior Court for a new trial.

The record shows that on September 20, 1905, appellant upon due notice given to the attorneys of appellee, pursuant to rule of court, filed its petition for a change of venue from the judge upon whose calendar the cause stood for trial. The petition of appellant, signed and verified by its president, conformed to the statute sufficiently to entitle it to the change of

462    APPELLATE COURTS OF ILLINOIS.

VOL. 131]    Miehle Print. Press & Mfg. Co. v. Arkulas.

venue sought. The trial court, however, denied the petition and refused to grant the change of venue.

The cause was called for trial November 14, 1905, and on the 16th day of the same month the jury empaneled to try the case returned a verdict against appellant for $1,250, upon which a judgment was rendered December 9, 1905. Appellant excepted to the ruling and decision of the court in refusing to grant a change of venue, and preserved the evidence in a bill of exceptions apart from the one including the proceedings had upon the trial of the cause.

Appellant, by excepting to the ruling of the court denying the motion for change of venue, did all the law requires to preserve its right to avail of such exception in the reviewing court. No other protest than that made is required by the statute, so that a further objection on going to trial, all rights having been preserved, as appears from the bill of exceptions, would have been superfluous. In legal contemplation, in view of the record, appellant was forced to trial against its protest made in the form and manner provided by statute. Appellant waived no rights, already preserved, by going to trial without further objection. The record discloses neither waiver nor consent. It is plain a motion made for a change of venue more than six weeks prior to the call of the case for trial on the calendar of the trial judge was in apt time, and the disregard of this motion by the court an abuse of its discretion.

Appellant's petition conforming in all essential particulars to statutory requirement, and being presented in ample time, it became the duty of the court to grant the change of venue requested. Appellant was entitled to a change of venue as a statutory right, and the court had neither power nor discretion to deprive it of that right. Having complied with the statute, it was the imperative duty of the judge to grant the change of venue prayed. Knickerbocker Ice Co. v. Tolman, 80 Ill. 106; Glos v. Garrett, 219 Ill. 208.

Failing to do so was vital error, for which the judgment of the Superior Court must be reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*