## In re Estate of Maud M. Thompson, Deceased. Archie W. Campbell and Frank E. Campbell, Appellants, v. Wilder B. Thompson, Appellee.

### Gen. No. 19,932.

1. PLEADING, § 304*—*when affidavit necessary to denial of execution of writing.* Under section 52 of chapter 110 of the Practice Act of the Illinois Statutes (J. & A. ¶ 8589), the execution of an instrument in writing upon which any action may be brought cannot be denied unless a plea shall be filed with affidavit denying the execution.

2. PLEADING, § 304*—*how execution of note filed as claim in Probate Court must be denied.* Section 52 of chapter 110 of the Prac-

tice Act (J. & A. ¶ 8589), requiring any one denying the execution of an instrument in writing upon which any action may be brought to file a plea with affidavit denying the execution, applies to a claim on a note filed in the Probate Court.

3. Contracts, § 373*—when consideration need not be proved. Where the instrument sued on recites an adequate consideration, the claimant need not prove the consideration by any evidence other than the instrument itself.

4. Wills, § 68*—when instrument not void as a testamentary disposition. An instrument acknowledging an indebtedness from the maker to the payee, who was the husband of the maker, and providing for the deduction of the amount from the maker's share of the payee's estate in the event that she survived him, or the payment of same out of her estate should he survive her, provides for payment within a time certain and is not invalid as an attempted testamentary disposition.

5. Interest, § 12*—when interest allowed after maturity. Under section 2, ch. 74, of the Illinois Statutes (J. & A. ¶ 6691), entitled "Interest," which provides that interest shall be allowed "for all moneys after they become due on any bond, bill, promissory note, or other instrument in writing," interest may be allowed on a non-negotiable instrument for a certain sum of money, acknowledged therein to be payable to a party therein named, after maturity.

Appeal from the Circuit Court of Cook county; the Hon. H. Sterling Pomeroy, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 26, 1915.

Frederic R. De Young, for appellants.

William Slack, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

The appellee, Wilder B. Thompson, filed his claim in the Probate Court of Cook county against the estate of his deceased wife, Maud M. Thompson. The portion of the claim now before us is based upon the following instrument:

"I, Maud M. Thompson, the wife of Wilder B. Thompson, do hereby acknowledge that I am indebted

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to my said husband in the sum of Four Thousand ($4,000) Dollars, which sum without interest, shall be deducted from my share in my husband's estate in the event of his prior death.  Should I depart this life, however, before my said husband, then the said sum of Four Thousand ($4,000) Dollars, without interest, shall be paid to him out of my estate.  This instrument is, and shall be, non-negotiable.

"Dated, at Harvey, Illinois, this fifth (5th) day of September, A. D. 1908.

(Signed)     MAUD M. THOMPSON."

This claim was allowed by the Probate Court, and from the order of allowance appeal was taken to the Circuit Court, where, upon trial without a jury, the issues were found for the claimant and his damages assessed at $4,253.28, the sum mentioned in the instrument with interest thereon, and judgment for that amount was entered.

It is first argued that the claimant before he can recover must prove the signature of the intestate to the instrument in question.  The point is not well taken.  Under section 52 of chapter 110 of the Practice Act of the Illinois Statutes (J. & A. ¶ 8589) it is provided that no person shall be permitted to deny the execution of an instrument in writing upon which any action may be brought, unless a plea shall be filed with affidavit denying the execution; and in *DeClerque v. Campbell,* 231 Ill. 442, it is held that the requirement of an affidavit denying the execution of any instrument in writing in order to compel proof of the genuineness of the signature applies to a claim on a note filed in the Probate Court the same as in a suit at law on a note in any other court.

The second point is that the consideration must be proven by the claimant by evidence other than the instrument itself.  This is not the law where the instrument itself recites an adequate consideration.  As was said in *McFarlane v. Williams,* 107 Ill. 33: "The contract recites an adequate consideration, and the

burden is upon appellant, if he would impeach that recital, to do so by a clear preponderance of evidence."

It is next said that the instrument in question is an attempted testamentary bequest, and void because not executed in conformity with the Statute of Wills. We do not think the language of the instrument can be construed as a testamentary bequest. It explicitly recites an indebtedness from the maker of the instrument to the appellee. It has been held in a number of decisions in this State that a promise to pay a certain sum of money "after death" is a promise to pay at a time certain. Among the cases so holding are *Neish v. Gannon*, 198 Ill. 219; *Shaw v. Camp*, 160 Ill. 425; *Goodwin v. Goodwin*, 65 Ill. 497; *Safford v. Graves*, 56 Ill. App. 499.

The last point presented by appellants is that it was error to allow interest. The judgment includes interest after the maturity of the note. We hold that interest was allowable after maturity. Section 2, ch. 74, Illinois Statutes (J. & A. ¶ 6691), entitled "Interest," provides that interest shall be allowed "for all moneys after they become due on any bond, bill, promissory note, or other instrument in writing." See also *Whittaker v. Crowe, Hargadine & Co.*, 132 Ill. 627.

We think the judgment of the Circuit Court was correct, but we are not disposed to grant the motion of the appellee that he be awarded statutory damages, as we are not persuaded that this appeal has been prosecuted for delay.

The judgment is affirmed.

*Affirmed.*