Stauber v. Stauber, 200 Ill. App. 137.

SCANLAN & MASSIEON, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 205*—*when question of what constitutes for court.* The question whether all the letters relative to the sale and purchase of real estate constitute a complete contract is for the court.

2. CONTRACTS, § 44*—*when there is no meeting of minds so as to constitute.* There is no meeting of the minds of parties to negotiations for the purchase of real estate so as to constitute a contract where an offer to purchase by letter accompanied by a payment of a certain sum is met by the introduction of new conditions which are not accepted by the purchaser, and the latter also in a subsequent letter introduces new conditions which the vendor does not accept, but requests a verbal conference, which is agreed to by the purchaser, but the latter, without the holding of any conference, demands the return of the earnest money.

---

Mary E. Stauber, Appellee, v. Leo Stauber et al., Appellants.

Gen. No. 6,194.

1. VENUE, § 14*—*when petition for change of filed in apt time.* Under Hurd's Rev. St. ch. 146, secs. 6, 7 (J. & A. ¶¶ 11492, 11493), a petition for change of venue on account of prejudice of judges filed at the first term at which a summons is returnable and less than ten days after the information upon which the application is based comes to the petitioner is in apt time.

2. VENUE, § 12*—*who is not a defendant who must consent to change of.* A person named as defendant but who has not been served with summons and who has not entered an appearance is not a defendant whose consent is necessary to a change of venue under Hurd's Rev. St. sec. 9 (J. & A. ¶ 11495), requiring the consent of all defendants where there are two or more defendants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. VENUE, § 24*—*when granting change of is imperative.* Where a proper application for change of venue is made, the granting thereof is imperative, and not discretionary with the court.

4. APPEAL AND ERROR, § 1772*—*when refusal of change of venue ground for reversal.* The refusal of a proper application for change of venue is ground for reversal.

5. VENUE, § 31a*—*what is effect of proper application for change.* Where a proper application for change of venue is made, questions which arise after the improper denial of the motion for change of venue are not proper to be considered by the court.

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded with directions. Opinion filed February 8, 1916.

BUTTERS & CLARK, for appellants.

BOYS, OSBORN & GRIGGS, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This is an action of debt brought in the Circuit Court of La Salle county by Mary E. Stauber against Leo Stauber, the principal, and four sureties upon a bond given to secure the payment of instalments of alimony in a divorce case, and which is the bond referred to in *Stauber v. Stauber,* 168 Ill. App. 179. Leo Stauber filed a petition for a change of venue from two of the three judges of that circuit and it was heard and denied by one of said two judges, who thereafter heard all further proceedings in the case terminating in a judgment for plaintiff, from which all defendants who were in court prosecute this appeal. The first question is whether the petition for a change of venue was properly denied.

(1) It is argued that said petition was not filed in apt time. Sections 6 and 7 of the statute in relation to changes of venue (J. & A. ¶¶ 1492, 1493) provide that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

no such application after the first term shall be allowed unless the applicant gives the opposite party ten days' previous notice, except where the causes have come to the knowledge of the applicant less than ten days before making the application; and that no such change shall be granted after the first term at which the party might have been heard, unless certain other things shall have been shown. This suit was begun September 22, 1913, and the summons was returnable on the first day of the October term, 1913, which was the second Monday, or October 13, 1913. On October 14th, the defendants, except Katherine Conness, filed a demurrer to the bill. On December 20th said demurrer was set to be heard on December 29, 1913. On December 27, 1913, at said October term, Leo Stauber filed his petition for a change of venue from said two judges and filed therewith the consent of certain defendants, and the court on the same day heard and denied the same. A bill of exceptions was taken, setting forth the proceedings relating to the change of venue. It is not questioned but that the petition is in due form. All the proceedings relating to the change of venue were at the first term, at the term to which the summons was returnable. The case was then pending on a demurrer to the declaration. The petition stated that the knowledge of the prejudice of the judges had come to the petitioner since December 20, 1913, and less than ten days before the filing of the petition. We fail to see why, under the statute referred to, the application was not in apt time. In that respect it contained more than the statute required.

(2) Section 9 of the statute referred to (J. & A. ¶ 11495) provides that where there are two or more plaintiffs or defendants, a change of venue shall not be granted except with the consent of all the parties, plaintiffs or defendants as the case may be. The defendant, Katherine Conness, did not consent to the ap-

plication for a change of venue. It is argued that for that reason the change was properly denied. Katherine Conness was not served with summons. She did not enter her appearance. She was not before the court. No proceeding in the cause could bind her. Was her consent necessary to the application of Leo Stauber for a change of venue? In *Hitt v. Allen*, 13 Ill. 592, one defendant had been defaulted. Thereafter the other defendant applied for a change of venue and did not have the consent of the defaulted defendant. It was held that the statute requiring all defendants to join in the application must be understood as applying only to those defendants between whom and the plaintiff a cause is pending wherein a trial is to be had. In *Donahue v. Egan*, 85 Ill. App. 20, a judgment by confession had been entered against two defendants and afterwards one of them got leave to plead and did plead to the declaration. Thereafter he asked a change of venue. His codefendant objected to the change of venue and the application was refused. We there held that the defendant who was objecting was not a party to the trial between the plaintiff and the other defendant, and that therefore his consent or objection was not material, and that it was reversible error to refuse the change of venue. In 40 Cyc. 146, it is said that in a petition by one or more defendants for a change of venue, it is not necessary to join those defendants who have not been served and who have not appeared. In *Myerhoff v. Tinslar*, 175 Ill. App. 29, where one of several defendants was not served and did not appear, we held that the word "defendants" in the verdict and in the judgment was confined in its application to those who by their own act or by the act of the law had been made the subjects of jurisdiction. We there cited a number of authorities so holding. We therefore hold that a person who had been named as a defendant but who had never been served with summons nor entered

an appearance was not a defendant whose consent was necessary under the statute.

(3) It is argued that no error afterwards intervened to the prejudice of appellants and that therefore this judgment should not be reversed, even if it was error to deny a change of venue. *Goodwin v. Goodwin,* 65 Ill. 497, is cited in support of this contention. We are unable to find that that case has ever since been cited upon this subject by the Supreme Court. The contrary doctrine has frequently been announced in this State. In *Clark v. People,* 2 Ill. (1 Scam.) 117, the Supreme Court said that when the accused brought himself within the requirements of the statute for a change of venue, the obligation of the court to allow it is imperative and admits of the exercise of no discretion. In *Walsh v. Ray,* 38 Ill. 31, it was held that when the requirements of the statute for a change of venue have been observed, the mandate of the statute is peremptory, and the court must grant the change. In *Knickerbocker Ins. Co. v. Tolman,* 80 Ill. 106, decided since *Goodwin v. Goodwin, supra,* the court used language very applicable to appellee's contention here. A change of venue requested by defendant had been refused. The court held that the petition and notice conformed strictly to the statute and that the granting of the change was not discretionary and that the court erred in not allowing it. The case had been tried in the court below and resulted in a judgment against defendant, and the appellee, insisted that the defense had no merit. The court said that even if that were true, the right to a change of venue was secured to the party by the statute, and it must be obeyed. The court further said: "If a reversal in this case works a hardship, appellees should have permitted the change of venue to be made without opposition. They saw the petition and notice, and must have known that they were strictly in conformity to the statute, and entitled appellant to a change of venue. Hence they have con-

tributed to produce the hardship of which they now complain. Counsel must have known that it was error to refuse the motion, and hence should have yielded to the change of venue, but, failing to do so, he cannot urge us to relieve him against the error he has procured in the record.'' In the recent case of *Feigen v. Shaeffer*, 256 Ill. 493, the court reversed the case for failure to grant a change of venue and declined to consider the other errors assigned. This seems to mean that if the other errors were not well assigned, still a reversal must be granted because of the denial of the change of venue. The court there held that on a proper application, the change must be granted. *Glos v. Garrett*, 219 Ill. 208; *Miehle Printing Press & Manu-facturing Co. v. Arkulas*, 131 Ill. App. 461. The argument that no other error intervened is accompanied by the admission that the judgment is for substantially too large an amount. The appellee offers to cure this by remittitur. We are of opinion that the refusal of the change of venue was a denial of a substantial right, and that the questions which arose after the change of venue was denied should be submitted to a judge from whom a change of venue was not asked. It is true that applications for changes of venue often appear unjust to the judge against whom they are made and appear to him to be made in fact for delay only. If any remedy is required, however, it must be sought in the Legislature.

For the failure to grant a change of venue, the judgment is reversed and the cause remanded, with directions to grant the change of venue and to rescind all orders made after the petition for the change of venue was filed.

*Reversed and remanded with directions.*