John C. Wendt and Josephine Wendt, Appellants, v. City of Elgin et al., Appellees.

Gen. No. 8,175.

434

Opinion filed January 27, 1932.

McCarthy & McCarthy, for appellants; Frank A. McCarthy and Theodore N. Schnell, of counsel.

P. C. TYRRELL and HEALY, BEVERLY & FUNK, for appellees; P. C. TYRRELL, GLENN R. BEVERLY and PAUL G. FUNK, of counsel.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This is a bill for injunction filed on May 13, 1929, by John C. Wendt and Josephine Wendt, appellants, in the city court of the City of Elgin in Kane county, against the City of Elgin, J. O. Myers, city collector of the City of Elgin, and E. M. Scheflow, appellees. The bill alleges that John C. Wendt and Josephine Wendt, the appellants, are the owners of two certain lots in the City of Elgin, Kane county, Illinois, and that on September 7, 1928, the City of Elgin filed a petition in the city court of said City of Elgin to levy a special assessment to pay the costs of constructing a local improvement as provided by an ordinance for the construction of a sewer system in certain streets and in parts of private property adjacent thereto in the City of Elgin, and to ascertain the just compensation to be paid to the owners of the said private property; that on October 26, 1928, an order of confirmation was entered in said assessment proceedings and an order was entered that a trial be had to ascertain the just compensation to be paid to all owners of property taken or damaged by virtue of said improvement.

It is further alleged by the appellants that they were not served with a summons and did not receive notice of any kind of the aforesaid proceedings; that they did not enter their appearance in court and have not had their day in court, and that the verdict of the jury fixing the value of the appellants' property in the sum of $103.23, was not the correct or fair value of said property; that the property is worth considerably more and that they would be able to prove this

fact if they had an opportunity to present their evidence to the court; that the said condemnation proceedings and the order and judgment therein confiscates appellants' property without due process of law in violation of section 1, art. 14 and art. 7, of the amendments to the United States Constitution, and is contrary to and in violation of section 2, art. 2 of the Constitution of the State of Illinois; that the defendant, E. M. Scheflow, under a contract with the City of Elgin is now working and excavating for the purpose of laying said sewer and is about to reach appellants' property and to take possession of said property and excavate the same immediately unless restrained by the court; thereby appellants' property will be confiscated without due process of law and appellants will suffer irreparable injury and damages and their rights will be unduly prejudiced; that, if they give notice of this proceeding, defendants will take immediate possession of the property and thereby prevent them from enjoining the same.

The prayer of this bill is that the City of Elgin, J. O. Myers, city collector of the City of Elgin, and E. M. Scheflow and their agents may be enjoined and restrained from taking possession, tearing up, excavating or in any manner entering into possession of the property of appellants; that it be decreed that said proceedings as to appellants were without due process of law; that appellants were never served with summons nor appeared therein and that they have not had their day in court and for other relief in the premises.

The said bill was verified by the appellants and a temporary injunction was issued thereon, enjoining said City of Elgin from taking possession, tearing up, excavating or in any manner entering into the possession of the property of appellants.

On May 15, 1929, in vacation, appellees filed their answers denying the allegations of the bill and served

notice that on May 20, 1929, they would appear in said court and move to dissolve the temporary injunction.

On May 20, 1929, when the motion to dissolve the injunction came on for hearing, the appellants filed their petition for a change of venue alleging that they feared and believed that they could not receive a fair hearing on account of the prejudice of the judge. The petition for change of venue was denied.

After the filing of the said answers by the appellees, a hearing was had on said motion to dissolve the injunction and the motion was allowed and the temporary injunction was dissolved.

After dissolving the injunction, appellants made a motion to dismiss their bill of complaint, which was denied. The motion to dismiss the bill of complaint by appellants was renewed and was again denied. Appellees made a motion to assess damages, the motion to assess damages was heard and the damages were assessed at $200. After the assessment of damages on motion of appellants, their bill was dismissed and an appeal to this court was prayed and allowed by the judge of the said city court.

It is urged by the appellants for a reversal of said cause that the court erred in refusing to grant a change of venue from the trial judge on account of alleged prejudice, and also that the court erred in dissolving the said injunction.

In this court the appellees entered a motion to dismiss the appeal. The record discloses that the appellants dismissed their own bill. It is the contention of the appellees that while there are circumstances under which a party may appeal, even though he has voluntarily dismissed his own bill, the facts in this case do not permit such a circumstance, and in support of that contention appellees rely upon *Cahill v. Welch,* 208 Ill. 57.

It was originally the belief that the *Cahill* case last above cited definitely decided that where a bill for injunction is dismissed by the complainants after answer filed, the suit was thereby voluntarily terminated and no appeal would lie. The language of the opinion in the *Cahill* case is susceptible of that interpretation, but it is not in harmony with the cases therein cited, nor with the facts of the particular case itself. This is due apparently to the use of the correlative "or" instead of the conjunctive "and" in the following sentence on page 59, "That, however, is not the rule when other relief is sought by the bill, or when an answer has been filed and the court dissolves the injunction upon a consideration of the facts set up in the answer."

Necessity has given rise to two different rules of procedure upon the dissolution of temporary writs of injunction. Which one of the rules should be applied in a given case depends upon circumstances in such case. The first rule is, that where the bill seeks no other relief than an injunction, the granting of a motion to dissolve the temporary writ should be followed by a dismissal of a bill.

The second rule is, that where the bill seeks for relief in addition to an injunction, the granting of a motion to dissolve a temporary writ should not be followed by a dismissal of the bill.

The first rule is predicated upon the fact that if it appears to the court there is no equity in the bill, the suit should be terminated upon the dissolution of the injunction. The second rule is imperative because, even though the temporary writ is dissolved, there are other matters to be determined from proofs, and therefore the suit should be continued and not dismissed.

When the first rule is to be applied the question arises upon whose motion the dismissal must be made. We will all agree that it would be proper for the court to dismiss the bill upon its own motion. The defend-

ant can properly make the motion; but the court having held there is no merit in the complainant's case, the defendant need take no further notice of the case. If the complainant is desirous of taking an appeal he may move for a dismissal himself. He must be permitted to pursue the only course which is charted for an appeal. If the word "and" had been used instead of the word "or" in the *Cahill* case as above indicated, the rule then, in our opinion, would have been correctly stated. That the phraseology implied in the *Cahill* case was inaccurate was undoubtedly observed by the Supreme Court in *Leonard v. Garland,* 252 Ill. 300, on local page 302. The court held that the rule requiring the bill to be dismissed when an injunction is dissolved on the ground of want of equity on the face of the bill applies also to cases where the injunction is dissolved upon the full hearing of the bill, answer and affidavit.

Our conclusion, therefore, is that where an injunction is the only relief sought, and it appears either from the bill itself or from the proofs after answer filed, that the complainant is not entitled to the relief he seeks, the correct procedure is for the complainant to procure a dismissal of the bill to the end that he may perfect an appeal.

Beginning with *Titus v. Mabee,* 25 Ill. 257, and extending on through the *Cahill* case into later decisions, the complainant has been given the right to dismiss his bill where a temporary writ has been dissolved before answer filed. It seems to us that every reason which brought that rule into being will apply with equal force after answer has been filed and proofs taken.

The test is: Does the case present merit? If the bill has none on its face, or if the proofs show none, then the bill must be dismissed and it makes no difference by whom. We conclude, therefore, that the motion of appellees to dismiss the appeal should be denied.

It is the contention of the appellants that the court erred in denying their application for a change of venue. It appears that the motion to dissolve the injunction was called up by appellees on a five-days' notice to the appellants. The hearing was in vacation prior to the term to which the summons was returnable. On the day of the hearing appellants filed their petition for a change of venue. The petition is in due form as provided by the statute and was positively verified and alleged that the knowledge of the prejudice of said judge did not come to the knowledge of the appellants until May 20, 1929, the day of the hearing.

The court denied the application for change of venue for the reason that no notice was given to the appellees of said motion for a change of venue.

It is also recited by the court that an application had been made for a continuance of said cause which the said court denied. The following announcement appears as the ruling of the court: "This matter coming on to be heard on this date (meaning May 20, 1929) pursuant to notices served under the statute, and the court having set this date as a special date for the hearing of said matter, and having adjourned to this date for that purpose; and Mr. P. C. Tyrrell, a corporation counsel, being present, representing the City of Elgin and J. O. Myers, city collector, and Mr. Paul Funk of the firm of Healy and Beverly, representing the defendant, E. M. Scheflow; and Mr. Schnell of the firm of McCarthy & McCarthy, representing the complainants; and afterwards the matter comes on for hearing upon motion of solicitor for complainants for a continuance of said cause until Friday next, the court denies said motion for continuance; thereupon complainants present petition and affidavit for change of venue sworn to on May 20, 1929, and it appearing that no notice has been given to any of the defendants or their respective counsel, of said application.

"The court is of the opinion that said application for change of venue comes too late and is denied, and the court is ready for a hearing upon the proceedings to dissolve said injunction."

We have examined the record and notwithstanding the recital that the appellants made a motion for continuance, we fail to find any motion in the record.

In *People v. Cohen,* 268 Ill. 416, it was held: "That notice of an application for a change of venue on account of the prejudice of the judge, which is given on the day before the case is set for trial, is reasonable, notwithstanding several continuances have been granted, where it appears from the statements of the affidavits that knowledge of the prejudice of the judge did not come to the defendant until the morning of the day the notice was given."

In *Stauber v. Stauber,* 200 Ill. App. 137, 139, it is said: "It is not questioned but that the petition is in due form. All the proceedings relating to the change of venue were at the first term, at the term to which the summons was returnable. The case was then pending on a demurrer to the declaration. The petition stated that the knowledge of the prejudice of the judges had come to the petitioner since December 20, 1913, and less than ten days before the filing of the petition. We fail to see why, under the statute referred to, the application was not in apt time. In that respect it contained more than the statute required."

In *Thompson v. Malmin,* 204 Ill. App. 374, it was held that the court cannot arbitrarily deny a change of venue where one brings himself within the provisions of the statute, and there is no complaint of insufficient notice.

In *Daniel Boone Woolen Mills v. Laedeke,* 238 Ill. App. 92, 100, the court said: "The very motion of refusing to allow a change of venue, after the accused has made oath to his belief that the trial judge is

biased and prejudiced against him, is repugnant to our system of jurisprudence. So ardent have the courts been in upholding the right of a party to a trial before an unprejudiced judge that it has been held that where a proper affidavit has been filed asking for a change of venue, because of the prejudice of a judge, such judge immediately loses all jurisdiction over the case, except to make the formal orders transferring the cause. This procedure is not only grounded upon the firmest principles underlying the administration of justice but is thoroughly consistent with the proper demeanor and dignity of a judge, whose mental attitude toward the accused, with respect to the particular proceeding, has been challenged." . . . "It is unthinkable that under our system of laws a defendant may be required to submit his liberty and his estate to the disposal of a trial judge who is solemnly charged with prejudice against the accused."

In *Gregory Printing Co. v. DeVoney,* 257 Ill. 399, it was held: "The statute concerning change of venue must receive such a reasonable construction as will promote justice and carry out the purpose of the statute."

In *People v. Scott,* 326 Ill. 327 at 341, the court said: "The spirit of our laws demands that every case, whether a statutory proceeding or otherwise, shall be fairly and impartially tried, and no judge should think of presiding in a case in which his good faith in so doing is open to such serious question as that presented by this record. These provisions of the statute should receive a broad and liberal, rather than a technical and strict, construction, and should be construed so as not to defeat the right attempted to be attained therein." No denial appears of the matters and things set up in the petition. If the facts stated in the petition are true, then the change should have been granted.

In view of the state of the record, we are of the opinion that the application for a change of venue by the appellants should have been allowed.

It is next contended by the appellants that the court erred in dissolving the injunction in vacation on motion of appellees before the term to which the summons was returnable without affidavit being served or filed to support the motion, or sworn answers, or competent evidence under oath in open court. The only evidence that appellees claim to have offered was a summons in the special assessment case and the sheriff's return thereon purporting to show service on the appellants. It is insisted that this was testimony in open court on the hearing in the motion to dissolve. The bill of complaint was verified by the appellants.

The statute provides: "Upon a motion to dissolve an injunction after answer, the court shall not be bound to take the answer as absolutely true, but shall decide the motion upon the weight of the testimony." Cahill's St. ch. 69, ¶ 16.

The statute further provides: "The testimony of witnesses to be used upon such motion, except such as may be contained in the affidavits filed with the bill or answer, shall be depositions in writing, which shall be taken in the same manner as other testimony in cases in chancery." Cahill's St. ch. 69, ¶ 19.

In *Spiegler v. City of Chicago,* 216 Ill. 114, at page 125, the court said: "In this case the preliminary injunction having been dissolved upon motion after the filing of an answer and replication, and the bill dismissed for want of equity, the motion to dissolve must be treated as a demurrer to the bill, and the case decided upon the face of the bill as though no answer or replication had been filed."

In *Hickey v. Stone,* 60 Ill. 458, at page 461, it is said that the offer of a motion to dismiss is the same as a demurrer. "It admits the facts alleged in the bill

and calls for the judgment of the court upon them. In this view, we are clear the motion to dismiss the bill should have been denied, for the allegations of the bill, on the admission they are true, make a strong case in favor of the complainant. The effect of the motion to dismiss was to admit that complainant was not served with process in the action at law; that he did not owe the plaintiff in that action; that the return of the officer on the summons, of service, if there be such, was untrue, and made through fraud or by mistake, . . . These facts present strong equities in favor of complainant, and being admitted, the bill should not have been dismissed."

In the above case an injunction was granted enjoining proceedings under an execution on motion of the defendant. The injunction was dissolved, damages assessed and the bill dismissed. It has long been the law that the return of a sheriff is only prima facie evidence of the fact therein stated, and in a proper case made equity will grant relief against the effects of it.

In the case of *Sibert v. Thorp,* 77 Ill. 43, it was held that, "The sheriff's return on process does not import absolute verity, but is only prima facie evidence of the truth of the matters therein recited."

In *Wangelin v. Goe,* 50 Ill. 459, the court had before it an injunction suit and said: "After answer filed denying the allegations of the bill upon motion to dissolve the injunction, it is allowed to either party to introduce testimony to support the bill and answer; in such case the motion is to be decided upon the weight of the testimony, without taking the answer as absolutely true."

In *Gray v. McCance,* 11 Ill. 325, it was held: "An injunction should not be dissolved and a bill dismissed upon the filing of an answer not under oath or without evidence of the truth of the facts alleged in the answer." The answer in this cause was not verified.

The rule appears to be that the motion to dissolve an injunction operates as a demurrer to the bill and admits the facts therein stated; in view of the fact that the bill is sworn to by appellants, these facts, it appears to us, would more than overcome a prima facie case made by the sheriff's return.

It is also alleged in the bill that appellants' property was being taken by appellees without due process of law. The order of confirmation of the special assessment proceedings provide that upon proof of payment of the compensation named therein to the appellants then the petitioner (The City of Elgin) shall have the right to take possession of the premises of the appellants.

On the hearing of the motion to dissolve the injunction, the court found no proof of payment was ever made in said special assessment proceeding and no payment of said compensation was made to the appellants. There is nothing in the order to show that it provided that the compensation could be deposited as the court might order as provided by the provisions of the statute. The fact that the city had not paid the compensation to appellants for the property taken in the special assessment proceeding was sufficient to maintain the injunction.

In view of what is disclosed by this record, we are of the opinion that the decree should be reversed and the cause remanded with directions to the court to rescind all orders made after the petition for the change of venue was filed.

*Reversed and remanded with directions.*